George A. Tankersley and John Norville, Plaintiffs-Appellees, v. Peabody Coal Company, a Corporation, Defendant-Appellant.

Gen. No. 10,462.

Third District.

January 9, 1964.

Hershey and Bliss, of Taylorville (Robert D. Mc-Ward and Don E. Beane, Jr., of counsel), for appellant.

Miley & Meyer, of Taylorville (Sorling, Catron & Hardin, and Thomas L. Cochran, of Springfield, of counsel), for appellees.

ROETH, JUSTICE.

Plaintiffs Tankersley and Norville are owner and tenant, respectively, of 160 acres of land in Christian County, concerning which the ownership of the surface and minerals (coal) had been separated. The defendant mined coal under the premises from 1916 to 1924. It had purchased the remaining coal under the premises from Stonington Coal Co., a separate and wholly unrelated corporation, which mined coal under the premises prior to 1916. Peabody, in buying the remaining coal from Stonington, did not undertake to assume any of its liabilities.

Plaintiffs brought an action for damages for the alleged subsidences to the land in certain claimed depressed areas and for loss of crops. The jury returned verdicts of $8,000 in favor of plaintiff Tankersley and $1,200 in favor of plaintiff Norville. Defendant filed a motion for judgment notwithstanding the verdicts but not for new trial. This motion was overruled and this appeal followed.

The case went to trial upon plaintiffs' second amended complaint and the answer thereto. In this complaint, plaintiffs charged the defendant was liable for subsidence caused by the operations of the prior owner (Stonington) as well as its own operations. This theory of recovery as to operations by Stonington was opposed by defendant throughout. Prior to trial, the lower court was asked to rule upon this contention and ruled in plaintiffs' favor. (This was prior to our opinion in Buis v. Peabody Coal Co., 41 Ill App2d 317, 190 NE2d 507.) In passing upon this question, it was agreed and ordered by court that defendant's conten-

102

tion should be reserved as an objection to each question that might be asked, without requiring defendant to make specific objection to the question.

The Buis case, above referred to, thoroughly went into the law pertaining to liability of a subsequent purchaser of minerals for subsidence attributable to mining operations of a prior owner. We held that the law recognizes no such liability in the absence of some agreement therefor. We adhere to that decision. The lower court was in error in its ruling that Peabody was liable for the negligence or fault of Stonington in failure to properly support the surface.

There remain the questions of whether there is competent evidence as to fault on the part of Peabody and resulting damages sufficient to constitute a basis for the verdicts. Plaintiffs introduced a map into evidence that purported to show all claimed subsidences. This map was marked by plaintiffs to show various areas of subsidence. These areas were designated on the map and in evidence as areas I, II, III, IV, V, and area "A." All testimony pertaining to decrease in land value was predicated on difference in value prior to any subsidence (in 1951) and value after all alleged subsidence. In other words, it was based on subsidence attributable to Stonington as well as Peabody. This evidence was incompetent because based on improper elements and, therefore, could not sustain the verdict for plaintiff Tankersley.

■ It should be noted that uncontradicted evidence of defendants' experts established: (1) that areas designated I and III were over the area mined by Stonington and not by Peabody; and (2) that area II could not have been a subsidence at all because there was a barrier pillar 100 feet wide, running north and south, under the whole area, which could not subside, and the balance of this area was no lower than

103

the portion over the barrier. These three areas constitute approximately 75 to 80% of all the marked areas.

██ We turn now to the evidence regarding the tenant. He would be limited, in any event, to damages in the same areas and subject to the same law applicable to Tankersley. Eliminating areas I, II and III leaves only damages in area "A" claimed by the tenant. This area encompasses not more than two acres of crop. Defendant contends that a tenant is not permitted to recover any damages, but it is not necessary to pass upon this question as the competent evidence in the record is insufficient to sustain the $1,200 verdict.

For the reasons given, the judgments of the lower court are reversed.

Reversed.

CARROLL, P. J. and REYNOLDS, J., concur.