**Clinton B. SNYDER, Plaintiff-Appellee,**

v.

**Irving NATHAN, Third-Party Defendant-Appellant.**

**No. 15069.**

United States Court of Appeals Seventh Circuit.

Nov. 18, 1965.

Sherwin J. Malkin, Chicago, Ill., for appellant.

Eli E. Fink, Chicago, Ill., for appellee.

Before SCHNACKENBERG, KILEY and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Irving Nathan, third party defendant, has appealed from a judgment of the district court, insofar as it ordered a recovery against him by Clinton B. Snyder, plaintiff, in the sum of $9,012.50 and costs, in supplementary proceedings instituted by him in an effort to enforce a judgment for $152,800 [1] entered February 9, 1962 in his favor and against State-Wide Properties, Inc., a Delaware corporation (hereinafter called "State-Wide"), whose principal asset was an office building located in Chicago. Joined in said proceedings were numerous third party defendants, including a group of

---

1. Judgment includes $125,000 awarded by verdict, plus stipulated interest of $27,800.

preferred stockholders of State-Wide, of which Nathan was one. All of them except Nathan were dismissed by the court, purportedly as the result of a compromise settlement.

In this court it is argued by Nathan's counsel that the district court erred in disregarding the solvency of State-Wide "during and subsequent to the payments to the preferred stockholders in determining whether or not the preferred stockholders were liable to plaintiff as an unpaid creditor of the corporation."

The record shows that resolutions adopted by the stockholders of State-Wide provided that the remaining assets were to be distributed "to the stockholders of the corporation in complete cancellation and redemption of all the outstanding shares of the corporation."

While the district court indicated that it was doubtful as to the solvency of the company, it did not decide that issue because it concluded that the company was in liquidation, with a consequent duty to pay creditors before retiring stock. We hold that the question of the solvency of State-Wide is not a relevant issue in this case.

Plaintiff Snyder explains that his cause of action is predicated on the fact that State-Wide had sufficient assets to pay him, but that certain of those assets were paid to the stockholders, including Nathan, instead of to him and that it is of legal significance that the corporation was then preparing for its dissolution.

■■ We believe that the record supports Snyder's position. In Singer v. Hutchinson, 183 Ill. 606, 56 N.E. 388 (1900), the court said, at 619, 56 N.E. at 392.

"* * * 'It is a very plain proposition that the stock and property of every corporation is to be regarded as a trust fund for the payment of its debts, and its creditors have a lien and the right to priority of payment over any stockholder. * * *

* * * * * *

"'That the capital stock and property of a corporation is a trust fund for the payment of its debts is fundamental in equity, and has been expressly recognized by the supreme court. * * * Equity regards the assets of a corporation in the hands of stockholders as the property of the corporation, and subject to the claims of creditors of the corporation.' * * * *"

■ Nathan contends that the district court erred in allowing plaintiff interest [2] as a part of the judgment. We do not agree. In Gaskins v. Bonfils, 10 Cir., 79 F.2d 352 (1935), the court said, at 355:

"* * * Had the distribution been made in property, any increment would have become a part of the trust estate. In like manner, profits earned upon money thus distributed become a part of the trust fund. The record is silent in respect to the profit which the trust fund has returned. Neither party offered evidence upon that question. In the absence of proof, a court of equity may assume that the fund earned an increment equal to interest computed at the legal rate and require the trustee to respond accordingly. * * * *"

We hold that plaintiff as a creditor had rights which were properly recognized and protected by the judgment of the district court. It is therefore affirmed.

Judgment affirmed.

2. Computed from the date Nathan received payment for his stock to the date of judgment.