Gilbert Edwards, et al., Plaintiffs-Appellants, v. Chicago and Northwestern Railway Company, a Wisconsin Corporation; Superior Coal Company, a Corporation; Lowell Hastings, et al., Defendants. Chicago and Northwestern Railway Company, a Wisconsin Corporation, Defendant-Appellee.

Gen. No. 10,786.

Fourth District.

January 12, 1967.

Rehearing denied February 10, 1967.

McGrady & Madden, and J. E. Wenzel, of Gillespie, for appellants.

M. E. Hebron, of Carlinville, and Edward Warden, of Chicago, for appellee.

MORAN, P. J.

This is an appeal from judgments of the Circuit Court of Macoupin County, Illinois, dismissing the amended complaints in three consolidated cases.

The plaintiffs brought suit against the Chicago and Northwestern Railway Company, the Superior Coal Company, and five directors of the Superior Coal Company to recover for damage to their lands allegedly caused by surface subsidence. They alleged that the Superior Coal Company had been in possession of all coal underlying the surface of their lands and had engaged in mining and removing the coal at the time of the alleged subsidence, April 1, 1955; that, in mining and removing the coal, it failed to leave sufficient support for the surface property; and that, as a direct and proximate result of the failure to leave sufficient support, the surface property subsided, causing damage to the plaintiffs.

They further alleged that the Superior Coal Company filed Articles of Dissolution on February 27, 1957; that, at the time of dissolution, the Chicago and Northwestern Railway Company owned all of the shares of the Superior Coal Company, except for the qualifying shares owned by the five directors also named as defendants; that the five named directors have and use the same address as the defendant railway company; that the defendant railway company is the successor in title to all mineral rights and assets formerly owned by the Superior Coal Company, having taken a quitclaim deed recorded on July 6, 1957; and that the railway company, together with the Superior Coal Company and the directors, are jointly and severally liable to the plaintiffs. The plaintiffs' initial complaints were filed on November 19, 1959, more than eight months after the expiration of the two-year period prescribed by section 94 of the Business Corporation Act for the maintenance of suits against dissolved corporations.

The plaintiffs plead, in the alternative, that the defendant railway company is liable because it performed actions which it knew would deceive the plaintiffs and made statements which it knew to be false, with the intent to defraud the plaintiffs and to induce them to refrain from filing suits prior to the end of the period for initiating suits against the Superior Coal Company.

The trial court entered orders dismissing the plaintiffs' complaints and this appeal followed. The lower court properly dismissed those allegations in the complaints naming the Superior Coal Company and its directors as defendants, since the complaints were not filed within the two-year period following the filing of Articles of Dissolution by the Superior Coal Company. Ill Rev Stats c 32, § 157.94. Therefore, two issues remain for our consideration: (1) May liability be predicated against a parent corporation, owning substantially all the shares of a subsidiary corporation, for surface sub-

51

sidence over areas mined by a subsidiary corporation, where, upon dissolution of the subsidiary, the mineral rights and assets of the subsidiary were transferred to the parent and where suits for damage were initiated within five years after the alleged subsidence, but after the period within which a suit could be brought against the dissolved corporation; and (2) do those parts of the amended complaints which allege fraud on the part of the railway company state a cause of action?

██ ██ In Kruse v. Streamwood Utilities Corp., 34 Ill App2d 100, at 113, 180 NE2d 731 the court commented upon a rule well established in Illinois:

> "In Dregne v. Five Cent Cab Co., 381 Ill 594, 46 NE2d 386, the court lays down the rule that it is sufficient in order to treat one corporation as the alter ego of another where there is such a unity of interest and ownership that the individuality of one corporation has ceased, and where the observance of the fiction of separate existence would under the circumstances sanction a fraud by promoting injustice. In Ohio Tank Car Co. v. Keith Ry. Equipment Co., 148 F2d 4 (7th Cir) the court says: 'The general rule that a corporation and its stockholders are deemed separate entities is subject to the qualification that separate identity may be disregarded in exceptional situations where it otherwise would present an obstacle to due protection or enforcement of public or private rights.' "

In the Dregne case, supra, our Supreme Court cited with approval Taylor v. Standard Gas & Electric Co., 306 US 307, wherein the United States Supreme Court held that "the doctrine of corporate entity, recognized generally and for most purposes, will not be regarded when so to do would work fraud or injustice."

██ ██ In the present case, if the plaintiffs can produce evidence that there was a unity of interest and

ownership between the Chicago and Northwestern Railway Company and the Superior Coal Company and that the recognition of the coal company's separate identity would "present an obstacle to the due protection or enforcement of public or private rights" or would "promote injustice," then liability could properly be predicated against the railway company. The amended complaints of the plaintiffs have alleged that such a unity existed and that such an injustice would result. Therefore, the trial court erred in dismissing those parts of the amended complaints which predicated liability against the railway company for surface subsidence over areas mined by its subsidiary, the Superior Coal Company.

The defendant relies primarily upon Tankersley v. Peabody Coal Co., 31 Ill2d 496, 202 NE2d 498, affirming 45 Ill App2d 101, 195 NE2d 402, and Buis v. Peabody Coal Co., 41 Ill App2d 317, 190 NE2d 507. In Tankersley, our Supreme Court held that a coal mine operator is not liable "for surface subsidence over areas mined only by his predecessor in title, where there has been no express assumption of such liability, and the predecessor is a wholly unrelated business entity." 31 Ill2d at 498. In addition, the court stated the holding of the Buis case, at 501:

> "In Buis, the Appellate Court, deciding the issue for the first time in Illinois held that a coal company which has purchased coal and mine workings of another unrelated company, without expressly assuming such liabilities, is not liable for subsidences or sinking of land areas due to the mining of its predecessor in title but is liable only for subsidences and the resultant damages due to its own mining operations."

Finally, the court placed emphasis upon the fact that forty years or more had passed between the discontinuance of active mining operations and the surface subsidence.

Reliance by the defendant on these cases is misplaced, because they are readily distinguishable from the present case. The predecessor in title is not a wholly unrelated business entity, but a subsidiary corporation. Then, too, the Superior Coal Company allegedly conducted active mining operations until the time of its dissolution and the transfer of its assets, narrowing the period between the discontinuance of mining operations and the surface subsidence.

Concerning the second issue, we reiterate the language which we recently used in Fanning v. Lemay, 78 Ill App 2d 166, 222 NE2d 814:

> "The Civil Practice Act provides that pleadings shall be liberally construed with a view to doing substantial justice between the parties. Ch 110, sec 33(3), Ill Rev Stat 1965. Section 4 of the Civil Practice Act provides that the Act shall be liberally construed to the end that controversies may be speedily and finally determined according to the rights of the parties. (Ch 110, Sec 4, Ill Rev Stat 1965). Sec 31 provides that certain formal requisites heretofore pertaining to pleading are no longer necessary, but states that the section does not affect in any way the substantial averments of fact necessary to state a cause of action, and Section 42(2) provides: 'No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet.' "

The essential elements of an action for fraud are that the defendant made representations that were false; that they were known by the defendant to be false and made with the intent to deceive the plaintiffs; and that the plaintiffs, believing the representations, relied upon them to their damage or injury. Wright v. Peabody Coal

Co., 290 Ill App 110, 8 NE2d 68; Skidmore v. Johnson, 334 Ill App 347, 79 NE2d 762.

■ The amended complaints essentially allege that the defendant railway company performed certain acts and made certain statements in order to induce the plaintiffs to refrain from filing suits against the Superior Coal Company during the two-year period within which suits could be maintained against the dissolved corporation. Paragraphs 25, 26, 27 and 28 allege that the defendant made representations which it knew to be false and performed acts which it knew would deceive the plaintiffs. Paragraphs 17, 19, 20, 23, 24, 25, 26, 27 and 28 allege that the defendant acted with the intent to deceive the plaintiffs. Paragraph 28 alleges that the plaintiffs relied on the defendant to their detriment. The essential elements of an action for fraud have been alleged.

Although we agree with the defendant that "statements by way of general conclusions of fraud are not sufficient in a pleading," that proposition has no application to the complaints in this case, because there were sufficient allegations of fact to inform the defendant "of the nature of the claim or defense which he is called upon to meet."

For the foregoing reasons, the judgments of the lower court in favor of the Superior Coal Company and its directors are affirmed, and the judgments in favor of the Chicago and Northwestern Railway Company are reversed.

Affirmed in part, reversed in part, and remanded.

EBERSPACHER and GOLDENHERSH, JJ., concur.