TEELA BLANKENSHIP, Plaintiff-Appellant, *v.* DEMMLER MANUFACTURING COMPANY *et al.*, Defendants-Appellees.— (ACME-CLEVELAND CORPORATION, Defendant.)

First District (3rd Division)    No. 78-2061

Opinion filed October 8, 1980.

Merle L. Royce, II, and Karen L. Hamity, both of Chicago (Chapman & Royce, Ltd., of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and Thomas M. Crisham, of counsel), for appellees.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Teela Blankenship, brought this strict liability action against defendants Demmler Manufacturing Company, John Demmler and Acme-Cleveland Corporation to recover damages for injuries incurred while operating foundry equipment designed and manufactured by Demmler Manufacturing. John Demmler moved to dismiss, arguing that the suit was barred as to him and Demmler Manufacturing because it had not been brought within two years of the company's dissolution as required by section 94 of the Business Corporation Act (Ill. Rev. Stat. 1975, ch. 32, par. 157.94). The trial court granted defendant's motion to dismiss and ordered Demmler Manufacturing stricken from the pleadings. We affirm.

On April 21, 1977, plaintiff filed a complaint in which she alleged that on March 29, 1976, her hand became caught in a machine manufactured by Demmler Manufacturing. Plaintiff further alleged that Acme-Cleveland acquired the assets of Demmler Manufacturing in 1968 and succeeded to the rights and liabilities of that company.

In an amended complaint, plaintiff added John N. Demmler as a

defendant. Plaintiff alleged that Demmler, as president and a director of Demmler Manufacturing, was required by section 80(c) of the Business Corporation Act (Ill. Rev. Stat. 1967, ch. 32, par. 157.80(c)) to adequately provide for the liabilities of Demmler Manufacturing upon its dissolution. This duty, she claimed, included the duty to make adequate provision for prospective liabilities incurred from the manufacture of unreasonably dangerous machines. The amended complaint also included an allegation that Demmler, as a shareholder of Demmler Manufacturing, received and retained certain assets distributed by that company upon dissolution. According to plaintiff, Demmler received these assets subject to any claim which might subsequently accrue against the company, such as the claim asserted here. Consequently, plaintiff alleged that Demmler holds these assets in trust for her benefit.

In response, John Demmler filed a motion to dismiss the complaint, claiming that plaintiff's cause of action was barred because it was not commenced within two years of Demmler Manufacturing's dissolution as required by section 94 of the Business Corporation Act (Ill. Rev. Stat. 1975, ch. 32, par. 157.94). He further asserted that no cause of action arises even if section 80(c) is violated and, moreover, that section 80(c) applies only to obligations and liabilities existing at the time of dissolution. Finally, Demmler moved to strike Demmler Manufacturing from the pleadings because there was no legal entity over which the court could acquire jurisdiction.

The trial court dismissed plaintiff's cause of action against John Demmler, quashed the summons which had issued against Demmler Manufacturing, and struck Demmler Manufacturing from the pleadings. The court further ordered that the case continue and remain pending as to the remaining parties.

Plaintiff first argues that John Demmler, as a former president and director of Demmler Manufacturing, is responsible for her damage because he failed to provide for the foreseeable products liability claim asserted here. According to plaintiff, section 80(c) should be construed to require a corporation to provide for such future claims upon its dissolution. Section 80 states:

> "When all debts, liabilities, and obligations of the corporation shall have been paid and discharged, or adequate provision shall have been made therefore, and all of the remaining property and assets of the corporation shall have been distributed to its shareholders, articles of dissolution shall be executed * * * which shall set forth:
>
> * * *
>
> (c) That all debts, obligations, and liabilities of the corporation have been paid and discharged or that adequate provision has been made therefor." Ill. Rev. Stat. 1967, ch. 32, par. 157.80.

Plaintiff admits that this section does not expressly provide for a

cause of action against officers and directors who do not comply with the requirements contained therein. She contends, however, that this section implies a cause of action against the person responsible for executing the articles of dissolution if he fails to adequately provide for the debts, liabilities and obligations of the corporation. In support of this argument, plaintiff asserts that the language "or that adequate provision has been made therefor" contemplates that certain liabilities are prospective and should be provided for by a dissolving corporation. Plaintiff states that John Demmler caused the articles of dissolution to be executed for Demmler Manufacturing. We disagree with plaintiff's contention.

■■ Section 80(c) does not imply a cause of action against John Demmler for failure to provide for claims accruing after the dissolution of Demmler Manufacturing. As noted by defendant, the language of section 80(c) does not include the words "prospective" or "foreseeable." John Demmler's knowledge that Demmler Manufacturing's machines would continue in use after the dissolution of the corporation, and the fact that the corporation carried liability insurance, did not obligate John Demmler to provide for uncertain future liabilities on behalf of the corporation. If the legislature had intended that a corporation be liable for a cause of action accruing after a corporation dissolves, it could have so provided within the statutory scheme governing dissolution. We note that section 80(e) requires that articles of dissolution set forth "[t]hat there are no suits pending against the corporation in any court, or that adequate provision has been made for the satisfaction of any judgment, order, or decree which may be entered against it in any pending suit." (Ill. Rev. Stat. 1975, ch. 32, par. 157.80(e).) Clearly, a similar provision could have been enacted to encompass prospective suits as well. In the absence of such a provision, we conclude that plaintiff's cause of action against John Demmler based on his failure to adequately provide for prospective liabilities of Demmler Manufacturing was properly dismissed.

Plaintiff next argues that pursuant to the trust fund doctrine, the assets of Demmler Manufacturing held by John Demmler should be used to compensate plaintiff for her alleged damages. We find this doctrine inapplicable.

At common law, dissolution terminated the legal existence of a corporation. Once dissolved, the corporation could neither sue nor be sued, and even pending proceedings were abated. (*Canadian Ace Brewing Co. v. Anheuser-Busch, Inc.* (N.D. Ill. 1978), 448 F. Supp. 769, 771.) The trust fund doctrine was promulgated by the equity courts to protect creditors when dissolution occurs. Pursuant to this doctrine, the property of a corporation is considered a trust fund for the payment of corporate debts. Thus, the property which is distributed to shareholders is held by them subject to the claims of the corporation's creditors. *Snyder v. Nathan* (7th Cir. 1965), 353 F.2d 3, 4, quoting *Singer v. Hutchinson* (1900),

183 Ill. 606, 619, 56 N.E. 388, 392-93; see *Koch v. United States* (10th Cir. 1943), 138 F.2d 850, 852.

Plaintiff relies on *Snyder v. State-Wide Properties, Inc.* (N.D. Ill. 1964), 235 F. Supp. 733, *aff'd sub nom. Snyder v. Nathan* (7th Cir. 1965), 353 F.2d 3, to support her contention that the relief afforded by the trust fund doctrine may be used to satisfy claims against a dissolved corporation. In *Snyder*, the court invoked the trust fund doctrine when it determined that a $10,000 reserve established by a dissolving corporation was insufficient to satisfy a potential judgment in a pending lawsuit which several years later eventuated in an adverse judgment of $152,800. (255 F. Supp. 733, 741-42.) Plaintiff contends that *Snyder* is analogous to her situation because both involve claims where the fact and amount of liability were contingent at the time of the corporation's dissolution. We do not agree.

In *Snyder*, the claim was not prospective but had accrued prior to dissolution. In addition, section 80(e), although not discussed in *Snyder*, mandates that adequate provision be made by a dissolving corporation for possible adverse judgments that could result from pending litigation. (Ill. Rev. Stat. 1975, ch. 32, par. 157.80(e).) Demmler Manufacturing, at the time of its dissolution, could not have been aware of plaintiff's potential claim or the amount of potential liability. Finally, *Snyder* involved a single, known claim, whereas under plaintiff's theory, there may be an unknown number of claims which would accrue against the dissolved corporation.

We agree with defendant that extension of the trust fund theory to cover plaintiff's claim would mean that the corporation could never completely dissolve but would live on indefinitely through its shareholders. We do not believe that this result would be in accordance with the spirit of the laws governing the dissolution of corporations.

■■ A corporation can exist only under the express laws of the State by which it was created. (*Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Building Corp.* (1937), 302 U.S. 120, 124-25, 82 L. Ed. 147, 150, 58 S. Ct. 125, 127.) Accordingly, the right to sue a dissolved corporation is limited to the time established by the legislature. (See *Ruthfield v. Louisville Fuel Co.* (1942), 312 Ill. App. 415, 427, 38 N.E.2d 832, 837.) In Illinois, the legislature has determined that a corporation may be sued for liabilities incurred prior to dissolution if suit is commenced within two years of the dissolution:

> "The dissolution of a corporation * * * shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution." (Ill. Rev. Stat. 1975, ch. 32, par. 157.94.)

Plaintiff argues, however, that this section is not applicable to her claim because it is a "survival" statute and therefore is inapposite to claims which do not accrue until after dissolution. Although we agree that plaintiff's claim cannot be barred as a pre-dissolution claim pursuant to section 94, the rationale underlying this survival statute supports our decision that there is no basis for allowing a cause of action which accrues after dissolution to be brought against a dissolved corporation.

■■ One of the main purposes of the survival statute is to extend the life of a corporation for two years following dissolution so that suits which ordinarily would have abated may be brought by and against the corporation. (See *United States v. Palakow* (7th Cir. 1971), 438 F.2d 1177, 1179.) Once this period extending the existence of the corporation has ended, however, the corporation cannot sue or be sued. (See *Canadian Ace Brewing Co. v. Anheuser-Busch, Inc.* (N.D. Ill. 1978), 448 F. Supp. 769, 771.) Consequently, we believe that the survival statute reflects a legislative intent to establish a definite point in time when a corporation ceases to exist. (See *Bishop v. Schield Bantam Co.* (N.D. Iowa 1968), 293 F. Supp. 94, 96.) Since a cause of action based on strict liability accrues at the time of the injury (see *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 432, 261 N.E.2d 305, 313), the time period provided in the survival statute had expired several years before plaintiff's claim even arose. In the absence of a statute permitting a cause of action which accrues after dissolution to be brought against a dissolved corporation, plaintiff has no valid cause of action against Demmler Manufacturing. Therefore, application of the trust fund doctrine to the assets held by John Demmler is inappropriate.

■■ Plaintiff's final contention is that if Demmler Manufacturing is dismissed, the dismissal should be without prejudice, so that plaintiff may reassert her claim if discovery discloses an undistributed corporate asset which would support a suit against the company. Specifically, plaintiff claims that if discovery reveals that an insurance policy covers the injuries caused by the machine, then the corporation should be revived so that the insurance could be reached. We disagree. No cause of action which accrues after dissolution may be brought against a dissolved corporation. Thus, the existence of an insurance policy is irrelevant here.

Accordingly, the order of the trial court is affirmed.

Affirmed.

McNAMARA and SIMON, JJ., concur.