Marcus R. SHOWERS and Evelyn
Showers, his wife

v.

CASSIAR ASBESTOS CORP., LTD.,
et al.

Civ. A. No. 83–232.

United States District Court,
E.D. Pennsylvania.

Sept. 21, 1983.

Neil R. Peterson, Philadelphia, Pa., for plaintiff.

Anthony S. Minisi, Philadelphia, Pa., for No. Amer. Asbestos Co.

William A. Jones, Norristown, Pa., for Flintkote Co.

Myron J. Bromberg, Marc Z. Edell, Cynthia A. Walters, Morristown, N.J., for Lac D'Amiante, etc.

William R. Polk, Philadelphia, Pa., for Jaquays Asb. Co.

Edward J. David, Philadelphia, Pa., for Jaquays Asbestos Co.

Edward W. Madeira, Jr., Joseph F. Moore, Jr., Anne Whatley Chain, Philadelphia, Pa., for Lac D'Amiante du Quebec, Ltee, et al.

F. James Gallo, Philadelphia, Pa., for Bell Asbestos Mines.

George G. O'Brien, Philadelphia, Pa., for Turner & Newall, PLC.

Edward Greer, Philadelphia, Pa., for GAF Corp.

T. Andrew Culbert, Philadelphia, Pa., Arthur Makadon, Philadelphia, Pa., for Raymark Inds., Inc.

Daniel J. Ryan, Kean McDonald, Philadelphia, Pa., for Metropolitan Life Ins.

Joel D. Gusky, Philadelphia, Pa., for Carey Canadian Mines.

Frederic L. Goldfein, Philadelphia, Pa., for Asbestos Corp., Ltd.

Paul L. Seave, Arthur Makadon, Philadelphia, Pa., for Raymark Industries, Inc.

Frederic L. Goldfein, Philadelphia, Pa., for Asbestos Corp., Ltd., David Booth Beers, et al.

## MEMORANDUM OPINION

HUYETT, District Judge.

Plaintiffs filed this action against North American Asbestos Corporation (NAAC), Lac D'Amiante du Quebec (Lake), and others to recover for injuries allegedly resulting from plaintiff Marcus R. Showers' exposure to asbestos products during his employment. On February 7, 1983, NAAC filed a motion to dismiss plaintiffs' claims and defendants' cross-claims against it on the grounds that it is a dissolved corporation and lacks the capacity to be sued under Illinois law. Lake filed an answer and memorandum in opposition to NAAC's motion. Lake asserted that section 94 of the Business Corporation Act of Illinois, 32 Ill. Ann.Stat. § 157.94 (Smith-Hurd 1980 Supp.), relied upon by NAAC, does not bar claims against a dissolved corporation where fraud or an attempt to avoid creditors' or litigation claims is shown. On March 2, 1983, I issued an order denying NAAC's motion, with leave to renew at time of trial so that some discovery could be taken on this matter. NAAC filed this motion for reconsideration of my March 2, 1983 order.

For the reasons stated below, I will grant the motion.

NAAC was an Illinois business corporation, and was incorporated as a subsidiary of Cape Industrial Overseas, Ltd. (Cape) on October 14, 1953, pursuant to the Business Corporation Act of Illinois, 32 Ill.Ann.Stat. §§ 157.1 *et seq.* (Smith-Hurd). NAAC was dissolved on May 19, 1978 by the issuance of a Certificate of Dissolution by the Secretary of the State of Illinois.

■ Rule 17(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Further, dissolution of a corporation terminates all rights of litigation against the corporation unless expressly preserved by the incorporating statute. *Stone v. Gibson Refrigerator Sales Corp.*, 366 F.Supp. 733, 734 (E.D. Pa.1973).

■ Section 94 of the Illinois Business Corporation Act provides that the right to sue an Illinois corporation survives only two years after its dissolution:

> The dissolution of a corporation ... by the issuance of a certificate of dissolution by the Secretary of State ... shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, or any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution.

32 Ill.Ann.Stat. § 157.94 (Smith-Hurd 1980). *See O'Neill v. Continental Illinois Co.*, 341 Ill.App. 119, 93 N.E.2d 160, 168 (1950).

Since this action was filed more than two years after the issuance of the certificate of dissolution by the Secretary, NAAC no longer has the capacity to be sued and plaintiffs' complaint and defendants' cross-claims against it must be dismissed.

By its own admission, Lake's discovery has revealed no additional support for its original theory that NAAC's dissolution was fraudulent. Consequently, Lake concedes "as an initial matter that NAAC would not have the capacity to be sued *as such.*" (Lake's Supplemental Brief, at 4; emphasis in original). Lake now argues that this action should be permitted to proceed against NAAC in order to reach NAAC's parent corporation, Cape, whose only asset in the United States is its interest in the NAAC liquidating trust.

Lake contends that its discovery has revealed facts relating to the involvement of Cape, NAAC's sole shareholder, in the dissolution of NAAC, and seeks the court's equitable intervention in this matter. Lake contends that Cape has been a major supplier of asbestos in the United States, through "an intricate structure of related or subsidiary corporations," and that NAAC's dissolution was carried out in order to allow Cape to avoid liability arising from the sale of asbestos. Lake requests that the court afford it an extraordinary

equitable remedy by piercing the corporate veil surrounding Cape, which is not a party to this action, by allowing this action against its dissolved subsidiary, NAAC. Specifically, Lake argues that NAAC's dissolution should be disregarded and its remaining assets recognized as assets of Cape for the purposes of satisfying the claims of plaintiffs and co-defendants. Lake requests that NAAC be retained as a party, recognizing it as the alter ego of Cape, and treating the NAAC liquidating trust as the property of Cape for the purpose of satisfying judgments. Granting NAAC's motion to dismiss, it argues, will "exalt form over substance, result in serious injustice to all other parties in these actions, and sanction the possible fraud committed by Cape." Accordingly, Lake requests that NAAC's motion be denied and it be permitted to pursue its theory against NAAC and Cape.

■ I am unpersuaded, however, that Illinois law would permit NAAC, a dissolved corporation without capacity to be sued, to stand in the place of its putatively culpable parent, who has not been named as a party. A corporation exists only under the laws of the state of its incorporation. Accordingly, the right to sue a corporation is limited by legislative mandate. The mandate set out in section 94 is clear: once the two-year period following dissolution of the corporation has ended, the corporation cannot sue or be sued. *Blankenship v. Demmler Mfg. Co.*, 89 Ill.App.3d 569, 44 Ill.Dec. 787, 790, 411 N.E.2d 1153, 1156 (1980). Illinois courts have taken the position that they have neither the power nor the desire to nullify the plain and wholesome provisions of section 94. *O'Neill v. Continental Illinois Co., supra,* at 136, 93 N.E.2d 160.

In *Edwards v. Chicago & Northwestern Ry. Co.*, 79 Ill.App.2d 48, 223 N.E.2d 163 (1967), the court was presented with a situation similar to this case. The plaintiffs in *Edwards* sued both a dissolved subsidiary and its parent corporation for injuries they allegedly sustained by the acts of the subsidiary. Plaintiffs' amended complaint alleged that the subsidiary was the alter ego of the parent and requested that the court pierce the corporate veil to enable them to recover for their damages. The court held that because the complaint stated a claim against the parent corporation, the trial court improperly dismissed the complaint against it. The court affirmed, however, the trial court's dismissal of the complaint against the subsidiary because it had been dissolved more than two years prior to the commencement of the action. Likewise, if Cape were a party to this action, plaintiffs and Lake would be permitted to pursue their theory that NAAC was the alter ego of Cape. Cape is not a party to this action, however, and Lake has not demonstrated that it would be permissible under Illinois law to require that NAAC remain a party to this action in the place of Cape under the circumstances of this case.

Accordingly, NAAC's motion for reconsideration will be granted. An appropriate order follows.

## ORDER

NOW, September 21, 1983, upon consideration of the motion of North American Asbestos Corporation for reconsideration of my order of March 2, 1983 denying North American Asbestos Corporation's motion to dismiss for lack of capacity with leave to renew at trial, memoranda submitted by the parties, and for the reasons stated in the accompanying memorandum, IT IS ORDERED that

1. My order of March 2, 1983, entered March 3, 1983, is VACATED.

2. The motion to dismiss for lack of capacity is GRANTED.

3. All claims against North American Asbestos Corporation are DISMISSED.