THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN BOYCE et al., Defendants (Alloy Plating Corporation, Defendant-Appellant).

Second District No. 2—86—0760

Opinion filed June 18, 1987.

D. Kendall Griffith and Bruce L. Carmen, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Vincenzo Chimera, Michael A. Ficaro, and Mark L. Rotert, Assistant Attorneys General, of Chicago, of counsel), for the People.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Alloy Plating Corporation, appeals from a judgment of the circuit court of Winnebago County convicting it of calculated criminal disposal of hazardous waste and unauthorized use of hazardous waste. (Ill. Rev. Stat. 1983, ch. 111½, pars. 1044(b)(1), (d)(1)(A).) Defendant contends that it was not subject to the indictment under which it was tried and convicted because defendant had been involuntarily dissolved before the indictment was filed. Alternatively, defendant contends that an instruction given on corporate accountability was erroneous and that under proper instructions on this subject the evidence was insufficient to prove defendant's guilt beyond a reasonable doubt. As a final alternative, defendant contends that the fines totalling $600,000 were excessive. We reverse on the basis of the first issue raised by defendant and therefore will not address defendant's alternative arguments.

Although it is not included in the record, it appears that an indictment was returned on April 11, 1984, charging defendant and Kenneth Domin with criminal violations of the Environmental Protection Act.

(Ill. Rev. Stat. 1983, ch. 111½, pars. 1001, 1044.) Domin, apparently, pleaded guilty on May 20, 1985, and agreed to testify against defendant and two other employees of defendant, John Boyce and Luis Galvan. The Illinois Secretary of State, on August 1, 1985, involuntarily dissolved defendant for failing to file its annual report and to pay franchise taxes. On August 13, 1985, a new, 23-count indictment was returned. The 21 counts of it that applied to defendant charged defendant, Boyce and Galvan with criminal violations of the Environmental Protection Act. (Ill. Rev. Stat. 1983, ch. 111½. pars. 1044(b)(1), (c)(1), (d)(1)(A), and (e).) Defendant was tried and convicted under this August 13, 1985, indictment. It appears that the April 11, 1984, indictment was nol-prossed; however, the order doing this does not appear to be in the record on appeal in the case at bar.

■ We initially must rule on a motion by the State to strike references in defendant's brief to a complaint by the State against the owners of defendant in a separate action. The references appear in defendant's argument that the fines imposed were excessive and indicate that the State is attempting to recover the fines from defendant's owners personally. The complaint, which, of course, was not presented to the trial court in the case at bar, does not appear to be relevant to the question of whether the trial court abused its discretion in imposing the fines based upon the information before it at the time of sentencing. We, therefore, grant the State's motion to strike and decline the invitation in defendant's brief and response to motion to strike that we take judicial notice of the complaint. Because we do not reach the issue of the propriety of the fine, our ruling on this motion does not affect the outcome of this appeal.

■ The dispositive issue concerns the effect of dissolution of the corporate defendant on the criminal prosecution at bar. The dissolution of a corporation is analogous to the death of an individual. (*People v. Mazzone* (1978), 74 Ill. 2d 44, 48, 383 N.E.2d 947, 950; see *Markus v. Chicago Title & Trust Co.* (1940), 373 Ill. 557, 561, 27 N.E.2d 463, 465.) Thus, at common law, dissolution terminated a corporation's legal existence. (*Blankenship v. Demmler Manufacturing Co.* (1980), 89 Ill. App. 3d 569, 572, 411 N.E.2d 1153, 1155.) A dissolved corporation could neither sue nor be sued, and pending proceedings were abated. (*Blankenship v. Demmler Manufacturing Co.* (1980), 89 Ill. App. 3d 569, 572, 411 N.E.2d 1153, 1155.) In the absence of a statute providing otherwise, this is still the law. (See *People v. Mazzone* (1978), 74 Ill. 2d 44, 48, 383 N.E.2d 947, 950 ("[u]pon the dissolution of the corporation, it is no longer able to maintain an action, absent statutory exception, and all matters pending at the time of the dissolution abate"); see also

*Melrose Distillers, Inc. v. United States* (1959), 359 U.S. 271, 272, 3 L. Ed. 2d 800, 802, 79 S. Ct. 763, 765 ("in the federal domain prosecutions abate both on the death of an individual defendant [citations] and on the dissolution of a corporate defendant [citations], unless the action is saved by statute").) Thus, in the case at bar, prosecution of the dissolved defendant could not be maintained unless some statute permitted it.

■■ The State argues that this prosecution could be maintained under two statutes. One provides for the survival of certain remedies after the dissolution of a corporation (Ill. Rev. Stat. 1985, ch. 32, par. 12.80), and the other provides for the survival of proceedings pending against a corporation on the date of dissolution (Ill. Rev. Stat. 1985, ch. 32, par. 12.30(c)(5)). Neither statute permits the prosecution at bar.

The survival of remedies provision states:

> "The dissolution of a corporation * * * shall not take away nor impair any remedy available to or against such corporation * * * for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution." (Ill. Rev. Stat. 1985, ch. 32, par. 12.80.)

In *People v. Mazzone* (1978), 74 Ill. 2d 44, 383 N.E.2d 947, the Illinois Supreme Court construed the predecessor to this statute, which was identical except that it required action or other proceeding to be commenced within two years after dissolution. (Compare Ill. Rev. Stat. 1985, ch. 32, par. 12.80, with Ill. Rev. Stat. 1977, ch. 32, par. 157.94.) In *Mazzone,* the corporate defendant was found guilty of obscenity and was fined $1,000. While its appeal was pending, the corporate defendant was involuntarily dissolved. (*People v. Mazzone* (1978), 74 Ill. 2d 44, 45, 383 N.E.2d 947, 948.) Interpreting the statutory language at issue, the court said the statute:

> "provides no basis for survival of a criminal prosecution after the dissolution of a corporation, since it speaks in terms of the survival of remedies, claims, and liabilities, which are words of art in civil litigation, whose language and functions are distinct from criminal prosecutions. Thus the dissolution of the corporation requires the abatement of the pending appeal.
>
> * * *
>
> Because of the problems unique to corporations, we hold that the dissolution of the corporation abates the appeal but not all the proceedings *ab initio*. In the instant case both the appeal pending before us and the judgment of the appellate court below are abated since the corporation was dissolved after perfecting

its appeal as of right but before the appellate court had rendered a decision on the merits. The judgment of the trial court against [the corporate defendant] stands." *(People v. Mazzone* (1978), 74 Ill. 2d 44, 48-50, 383 N.E.2d 947, 950.)

Two principles emerge from this. First, the survival of remedies statute (Ill. Rev. Stat. 1985, ch. 32, par. 12.80) does not provide any basis for the survival of a criminal prosecution against a dissolved corporation. Second, the abatement of proceedings which results from a corporation's dissolution is not *ab initio*, so that only proceedings not completed before dissolution are abated. The first of these principles establishes that the survival of remedies statute does not permit the criminal prosecution of defendant, and the second of these principles (which, as will be explained subsequently, has been modified by statute) does not operate to save the prosecution since the trial had not even begun at the time defendant was dissolved.

The State argues that we should not follow *Mazzone*. The State maintains that *Mazzone* was based on a traditional statutory analysis "where the Courts considered whether such words as 'actions,' 'proceedings,' etc., included criminal proceedings." Instead, the State argues that it is more logical to apply what it calls "the Melrose Test" where "the concern is whether the state enacted a statutory provision which allows the dissolved, merged, or consolidated corporation to continue to 'exist' for any purpose such that it still 'exists' for criminal purposes." (See *Melrose Distillers, Inc. v. United States* (1959), 359 U.S. 271, 3 L. Ed. 2d 800, 79 S. Ct. 763.) In effect, the State is asking that we overrule our supreme court's decision in *Mazzone*, ignore the language our legislature used in the statute at issue (Ill. Rev. Stat. 1985, ch. 32, par. 12.80), and instead apply a rule applicable only to the question of whether a dissolved corporation may be federally criminally prosecuted. We must, of course, decline this invitation.

■ It is beyond question that we are bound by the decision of our supreme court in *Mazzone* and that only our supreme court can overrule or modify that opinion. (See, *e.g., Agricultural Transportation Association v. Carpentier* (1953), 2 Ill. 2d 19, 27, 116 N.E.2d 863, 867; *People v. Pope* (1985), 138 Ill. App. 3d 726, 736, 486 N.E.2d 350, 355, *vacated on other grounds* (1987), 481 U.S. ___, 95 L. Ed. 2d 439, 107 S. Ct. 1918.) Moreover, our review of the statutory language and the *Mazzone* opinion convinces us that *Mazzone* was correctly decided.

■ The State suggests that the concern should not be with whether criminal prosecutions are included in the words used in the statute. Yet, the statute on which the State seeks to hang this prosecution is very specific in providing only for the survival of:

"any *remedy* available to or against such corporation \*\*\* for any *right* or *claim*, or any *liability* incurred, prior to such dissolution \*\*\* ." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 32, par. 12.80.)

The legislature provided only for the survival of what it listed; to hold otherwise would do violence to the language employed. The Illinois Supreme Court, in deciding whether this language provided a basis for the survival of a criminal prosecution, quite properly focused on whether criminal prosecutions were included in the words used by the statute to denote what survived corporate dissolution.

■■ Finally, the "test" the State urges as the logical one is applicable only to determine whether a Federal criminal case may proceed against a dissolved corporation. This is best illustrated by the case on which the test the State urges is based, *Melrose Distillers, Inc. v. United States* (1959), 359 U.S. 271, 3 L. Ed. 2d 800, 79 S. Ct. 763. There, the United States Supreme Court looked to State law to determine what corporations could do after dissolution and then, based upon the degree to which the lives of the corporations continued after dissolution, determined whether they "existed" for purposes of prosecution under a Federal statute which permitted prosecution of "corporations 'existing' under the laws of any State." (*Melrose Distillers, Inc. v. United States* (1959), 359 U.S. 271, 272-73, 3 L. Ed. 2d 800, 802, 79 S. Ct. 763, 765.) The decision was, thus, premised upon "the interplay of federal and state law" (*Melrose Distillers, Inc. v. United States* (1959), 359 U.S. 271, 272, 3 L. Ed. 2d 800, 802, 79 S. Ct. 763, 765) and did not depend upon whether the State statutes involved authorized criminal prosecutions after corporate dissolution. (*Melrose Distillers, Inc. v. United States* (1959), 359 U.S. 271, 273, 3 L. Ed. 2d 800, 802-03, 79 S. Ct. 763, 765-66 ("We have found no Maryland decisions interpreting these sections; but we are satisfied that the term 'proceeding,' no matter how the state court may construe it, implies enough vitality to make the corporation an 'existing' enterprise for purposes of sec. 8 of the Sherman Act. \*\*\* We conclude that irrespective of how the Delaware statute may be construed by the Delaware courts, it sufficiently continued the existence of this corporation for the purpose of sec. 8 of the Sherman Act").) The question in a case such as that at bar is the one the *Melrose* court did not need to answer; whether the State statute itself permits a State criminal prosecution of a dissolved corporation. For such a question, the "Melrose Test" is wholly inappropriate.

■■ The second statute the State claims permits the prosecution at bar modifies the common law rule, which was explained and applied in *Mazzone*, that proceedings involving a corporation abate on its dissolu-

tion. This statute provides:

> "Dissolution of a corporation does not:
>
> * * *
>
> Abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution." (Ill. Rev. Stat. 1985, ch. 32, par. 12.30(c)(5).)

It is apparent, and defendant does not argue to the contrary, that this statute applies to criminal cases because the word used to denote what the statute saves from abatement or suspension, a "proceeding," includes criminal prosecutions. (See Ill. Rev. Stat. 1985, ch. 38, par. 2—16 (" 'Prosecution' means all legal *proceedings* by which a person's liability for an offense is determined ***.") (Emphasis added.). See also *Melrose Distillers, Inc. v. United States* (1959), 359 U.S. 271, 273-74, 3 L. Ed. 2d 800, 802-03, 79 S. Ct. 763, 765, (use of term "proceeding" which includes criminal prosecutions is consistent with its normal construction); Black's Law Dictionary 1083-85, 1099 (5th ed. 1979) (definitions of the words "proceeding," "process" (under which "civil and criminal proceedings" are referred to), and "prosecution" (in which word "proceeding" is used)).) The point on which the parties disagree is whether the criminal proceeding at bar was "pending" at the time defendant was dissolved.

The first indictment of defendant, which was apparently ultimately nol-prossed, was returned prior to dissolution. The second indictment of defendant, under which it was tried and convicted, was returned after dissolution. The narrow question is whether the first indictment was part of the proceeding which ultimately resulted in defendant's conviction. If it was, that proceeding was pending on the date of dissolution and was saved by section 12.30(c)(5) of the Business Corporation Act of 1983 (Ill. Rev. Stat. 1985, ch. 32, par. 12.30(c)(5)). If it was not, that proceeding was not pending on the date of dissolution and so was not saved by section 12.30(c)(5) (Ill. Rev. Stat. 1985, ch. 32, par. 12.30(c)(5)).

It is important to bear in mind that the statute does not save the right to proceed on causes of action which have accrued or criminal offenses which have occurred prior to dissolution. (Compare Ill. Rev. Stat. 1985, ch. 32, par. 12.80 with ch. 32, par. 12.30(c)(5).) It is very explicit in saving only "a proceeding pending *** on the *** date of dissolution." (Ill. Rev. Stat. 1985, ch. 32, par. 12.30(c)(5).) To answer the narrow question involved, it is first necessary to determine what a "proceeding" is for purposes of the statute.

The word "proceeding" is not defined in the Business Corporation Act of 1983. (See Ill. Rev. Stat. 1985, ch. 32, par. 1.01 *et seq.*) Al-

though in some contexts the word may refer "to a mere procedural step that is part of a larger action," the use of the word in the statute at issue requires that it be construed in its broader sense as referring to a complete remedy. (See Black's Law Dictionary 1083 (5th ed. 1979).) In this sense "proceeding" means:

"Regular and orderly progress in form of law, including all possible steps in an action from its commencement to the execution of judgment. Term also refers to administrative proceedings before agencies, tribunals, bureaus, or the like.

\*\*\* All the steps or measures adopted in the prosecution or defense of an action. [Citation.] The word may be used synonymously with 'action' or 'suit' to describe the entire course of an action at law or suit in equity from the issuance of the writ or filing of the complaint until the entry of a final judgment \*\*\*." (Black's Law Dictionary 1083 (5th ed. 1979).)

In a criminal case, "proceeding" in this sense is synonymous with "prosecution" as that term is defined in the Criminal Code of 1961.

" 'Prosecution' means all legal proceedings by which a person's liability for an offense is determined, commencing with the return of the indictment or the issuance of the information, and including the final disposition of the case upon appeal." (Ill. Rev. Stat. 1985, ch. 38, par. 2—16.)

Under the criminal code, there may be more than one prosecution for a single offense or based upon a single act. See Ill. Rev. Stat. 1985, ch. 38, pars. 3—3(b) ("If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, *except as provided in Subsection (c)*, if they are based on the same act") (emphasis added), 3—4 (setting forth the circumstances under which a prosecution based on the same facts or for the same offense is barred by a former prosecution), and 3—7(c) ("The period within which a prosecution must be commenced does not include any period in which: \*\*\* A prosecution is pending against the defendant for the same conduct \*\*\*.").

■ Since the return of an indictment commences a prosecution, and since the criminal code recognizes that multiple prosecutions may be brought for the same offense or based on the same conduct of a defendant, the return of the second, separate indictment in the case at bar commenced a separate prosecution. There were, therefore, two prosecutions, or proceedings, in this case: the first, commenced prior to dissolution of defendant, was apparently terminated by a *nolle prosequi*; and the second, commenced after dissolution of defendant, re-

sulted in the convictions now before us on appeal. Therefore, the proceeding which resulted in defendant's convictions was not pending on the date of dissolution and was not saved by section 12.30(c)(5) (Ill. Rev. Stat. 1985, ch. 32, par. 12.30(c)(5)).

■ We note that our holding here does not preclude all changes in the charge or identity of the defendants after a corporate defendant has been dissolved. For example, an indictment, information or complaint may be amended at any time to correct formal defects. (Ill. Rev. Stat. 1985, ch. 38, par. 111—5.) Also, in the case at bar, the State asserts twice without citation to authority that Domin's guilty plea and the addition of Boyce and Galvan as defendants meant that a new indictment was needed, even though, according to the State, the charges against defendant were identical. However, if the assertions as to the charges in the first indictment are true, there does not appear to have been any bar to prosecuting defendant under that indictment and charging only the two new defendants in the new indictment. (See Ill. Rev. Stat. 1985, ch. 38, par. 114—7 (permitting joinder of related prosecutions).) Finally, the State asserts that "[t]he August 13, 1985 indictments [*sic*] should relate back to the time of filing of the April 11, 1984 indictments [*sic*]." There are certain circumstances, defined by statute, under which an amendment to a pleading in a civil proceeding relates back "to the date of the filing of the original pleading so amended." (Ill. Rev. Stat. 1985, ch. 110, pars. 2—616(b), (d).) The State cites no authority for the proposition that the concept of relating back applies to a criminal prosecution, or to a new proceeding commenced by the filing of a new pleading, no matter how similar the proceedings may be. We conclude that the new indictment did not relate back to the date of filing of the first indictment.

Therefore, the second indictment commenced a new proceeding which was not pending at the time defendant was dissolved. Neither section 12.80 nor section 12.30(c)(5) of the Business Corporation Act of 1983 saved the prosecution under that indictment. Accordingly, prosecution under that indictment was improper, and the judgment of the circuit court of Winnebago County must be reversed. Since we do not have the record in the prosecution under the first indictment before us, we express no opinion as to whether it would be permissible at this time to prosecute defendant under that document.

Reversed.

HOPF and WOODWARD, JJ., concur.