**KORTE TRUCKING COMPANY,**
Plaintiff/Appellant,

v.

**BROADWAY FORD TRUCK SALES,**
INC. and Ford Motor Company,
Defendants/Respondents.

L & R TRUCKING COMPANY, a dissolved Illinois Corporation and Louis T. Korte, Successor in Trust in L & R Trucking, Plaintiffs,

v.

**BROADWAY FORD TRUCK SALES,**
INC. and Ford Motor Company,
Defendants/Respondents.

Nos. 64530, 64532.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 7, 1994.

Gary L. Smith, Bernard & Davidson, Granite City, IL, for appellant.

Dennis L. Callahan, Viana & Callahan, Andrew D. Dillon, Sandberg, Phoenix & Von Gontard, St. Louis, for respondents.

CRANE, Presiding Judge.

In this consolidated appeal plaintiff Korte Trucking Company appeals the dismissal with prejudice of its petition seeking damages for negligence and breach of warranty against defendants Broadway Ford Truck Sales, Inc. and Ford Motor Company. Alternatively, it also appeals the trial court's order denying its motion for substitution and motion for relief from judgment pursuant to Rule 74.06(b) in L & R Trucking v. Broadway Ford Truck Sales, Inc. and Ford Motor Company. We reverse the order dismissing the Korte Trucking Company case and accordingly do not reach the alternative appeal from the L & R Trucking Company case which we dismiss as moot.

L & R Trucking Company (L & R) was an Illinois corporation which was involuntarily dissolved by the Illinois Secretary of State on December 1, 1988 for failure to pay its annual franchise tax and file its annual report. After dissolution, on July 10, 1990, one of L & R's trucks was allegedly damaged while being serviced by defendant Broadway Ford Truck Sales, Inc. (Broadway). In 1992, L & R and Louis T. Korte, as officer and director of L & R, filed suit in the Circuit Court of the City of St. Louis seeking damages from defendants Broadway and Ford Motor Company (Ford) for the damage to the truck. Defendants filed separate motions to dismiss based on L & R's incapacity to sue because the corporation had been dissolved. The trial court sustained the motion to dismiss on September 18, 1992.

On November 5, 1992, L & R was reinstated as a corporation and its name was changed to Korte Trucking Company. On February 4, 1993 Korte Trucking Company filed an action for damages and breach of warranty against defendants for the same damage to its truck. Defendants filed separate motions to dismiss this action claiming it was barred under Rule 67.03 and under the doctrines of res judicata and/or collateral estoppel. The trial court dismissed the action with prejudice on April 30, 1993.

On appeal Korte Trucking Company argues that neither the doctrines of res judicata and collateral estoppel nor Rule 67.03 apply to bar its cause of action against Ford and Broadway because Korte Trucking Company is not the same party as L & R, which had no capacity to sue. It further argues that the doctrines of res judicata and collateral estoppel do not apply because the L & R case was not adjudicated on the merits. We agree with both contentions.

■ To maintain an action the plaintiff must be a legal entity, that is either a natural person, an artificial person, or a quasi artificial person. *Parker v. Unemployment Compensation Com'n*, 358 Mo. 365, 214 S.W.2d 529, 534 (Mo.1948); 59 Am.Jur.2d Parties § 20. No action can be maintained in the name of a plaintiff which is not a legal entity.

*Parker,* 214 S.W.2d at 534. A suit which is not brought in the name of a legal entity is a nullity. 59 Am.Jur.2d Parties § 20. A dissolved corporation is an extinct entity which cannot commence a valid action. *J.M. Morris Const. v. Mid–West Precote Co.,* 613 S.W.2d 180, 181–82 (Mo.App.1981). A suit brought and concluded by a dissolved corporation prior to any rescission of forfeiture is a nullity. *Id.; Mark Twain Electric, Inc. v. Yalem,* 825 S.W.2d 366, 368 (Mo.App.1992). *See also A.R.D.C., Inc. v. State Farm Fire & Cas. Co.,* 619 S.W.2d 843, 848 (Mo.App.1981) (Clark, J. concurring).

 Because L & R was an Illinois corporation, we apply Illinois law to determine its capacity to sue. *Keystone Agency, Inc. v. Herrin,* 585 S.W.2d 313, 314 (Mo.App.1979); *Pacific Intermountain Exp. Co. v. Best Truck L., Inc.,* 518 S.W.2d 469, 472 (Mo.App. 1974). Under Illinois common law the dissolution of a corporation is analogous to the death of an individual. *People v. Boyce,* 156 Ill.App.3d 1036, 109 Ill.Dec. 115, 117, 509 N.E.2d 776, 778 (Ill.App.1987). Dissolution terminated a corporation's legal existence. *Id.* In the absence of a statute, a dissolved corporation could neither sue nor be sued. *Id.* Illinois statutes provide that a dissolved corporation has a limited existence for the purpose of maintaining and defending suits arising from pre-dissolution claims and liabilities. Ill.Rev.Stat. ch. 32, para. 12.80 (1991). However, a dissolved corporation does not have the capacity to sue for claims arising after dissolution. *Blankenship v. Demmler Mfg. Co.,* 89 Ill.App.3d 569, 44 Ill.Dec. 787, 790, 791, 411 N.E.2d 1153, 1156, 1157 (Ill. App.1980).

Both former Rule 67.03 [1] and the doctrines of res judicata and collateral estoppel bar certain successive suits brought by the same party. A dismissal with prejudice under Rules 67.01 and 67.03 bans further suit by plaintiff. *North Port Development Co. v. Graff,* 763 S.W.2d 683, 686 (Mo.App.1988); *Ritter v. Aetna Cas. & Sur. Co.,* 686 S.W.2d 563, 564 (Mo.App.1985). Res judicata precludes the same parties from relitigating the same cause of action, and collateral estoppel precludes the same parties from relitigating

issues which had previously been litigated. *Ste. Genevieve County v. Fox,* 688 S.W.2d 392, 395 (Mo.App.1985).

 L & R, which was not a legal entity and had no capacity to sue in the original action, was not a party. Korte Trucking Company, which has brought suit as a reinstated corporation [2], is a legal entity and a party. It cannot be the same as or in privity with L & R since L & R was not a legal entity and did not have the legal capacity to be a party. Accordingly, the dismissal of the L & R suit, which was a nullity because L & R had no capacity to sue, could not, under Rule 67.03 or the doctrines of res judicata or collateral estoppel, bar a proper party from bringing the same cause of action.

 Further, both the doctrines of res judicata and collateral estoppel apply to judgments rendered upon the merits. The doctrine of res judicata bars claims which have previously been decided on the merits. *S.M.B. by W.K.B. v. A.T.W.,* 810 S.W.2d 601, 605 (Mo.App.1991). Collateral estoppel operates to prevent a party or its privies from relitigating facts or questions in issue between the same parties which have been adjudicated on the merits. *Peoples–Home Life Ins. Co. v. Haake,* 604 S.W.2d 1, 8 (Mo.App.1980). The dismissal of the L & R case for the reason that L & R did not have capacity to sue was not an adjudication on the merits. Accordingly, for this additional reason, the Korte Trucking Company case is not barred by the doctrines of res judicata or collateral estoppel.

The judgment of the trial court dismissing Korte Trucking Company v. Broadway Ford Truck Sales, Inc. and Ford Motor Company is reversed and the case is remanded to the trial court. The appeal from L & R Trucking Company v. Broadway Ford Truck Sales, Inc. and Ford Motor Company is dismissed as moot.

KAROHL and CRAHAN, JJ., concur.

---

1. New Rule 67.03 became effective January 1, 1994. The subject matter of former Rule 67.03 is now covered by Rule 67.01.

2. *See* Ill.Rev.Stat. ch. 32, para. 12.45(d) (1991).