(No. 38154.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* PAUL A. PARKER, Appellant.

*Opinion filed March 18, 1964.*

SAM M. ARNDT, of Rock Island, for appellant.

RICHARD STENGEL, State's Attorney, of Rock Island, (ROBERT P. BOEYE and ROBERT L. ELLISON, Assistant State's Attorneys, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The People of the State of Illinois recovered a judgment of $1,024.40 against Paul A. Parker, a former director of the dissolved corporation, Parker Laundry Company, for unpaid personal property taxes levied against the corporation for the years 1953 and 1954. Parker appeals the judgment of the county court of Rock Island County, urging that the action was barred by the two-year limitation contained in section 94 of the Business Corporation Act. Ill. Rev. Stat. 1959, chap. 32, par. 157.94.

Parker Laundry Company, an Illinois corporation, with offices in the city of Rock Island, on December 31, 1954, filed with the Secretary of State a statement of intent to dissolve. The defendant, Parker, was a director at the time, as well as the sole stockholder. The corporation was then liable for personal property taxes for the year 1953 in the amount of $295.46, and for the year 1954, $286.27. Although section 79 of the Business Corporation Act (Ill. Rev. Stat. 1953, chap. 32, par. 157.79) required that notice of intent to dissolve be given each known creditor, no such notice was given the county treasurer for Rock Island County. The corporation was dissolved February 15, 1955.

The State's Attorney for Rock Island County on October 16, 1961, filed the complaint which initiated this civil action. The basis for recovery was section 42(f) of the Business Corporation Act, (Ill. Rev. Stat. 1953, chap. 32, par. 157.42(f) which imposes liability on directors of a corporation which has filed a statement of intent to dissolve and fails to mail notice of such action to known creditors of the corporation to the extent of "all loss and damage occasioned thereby." A motion to dismiss the complaint on the basis that the action was outlawed by section 94 of the Business Corporation Act was denied. In his answer, defendant again pleaded section 94 in bar; trial was had, resulting in judgment for the plaintiff.

It is the contention of the defendant that section 94's two-year limitation is a condition of liability rather than a statute of limitation and consequently an exception to the ancient principle that a statute of limitation does not run against the sovereign unless specifically named. The plaintiff argues that section 94 does not apply to the liability imposed by section 42(f), or in the alternative, that if it is applicable, it, like all statutes of limitation, does not bar the State of Illinois.

This being a case involving revenue, the appeal comes

here. Const. 1870, (amend. 1964) art. VI, sec. 5; Supreme Court Rule 28—1, effective January 1, 1964.

Section 94 reads as follows: "The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, or (2) by the decree of a court of equity when the court has not liquidated the assets and business of the corporation or (3) by expiration of its period of duration, shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution, if action or other proceeding thereon is commenced within two years after the date of such dissolution * * *."

The foregoing provision appears to be a survival statute rather than a statute of limitation. And this is the characterization given it by courts of this State. The Appellate Court for the First District, discussing section 79 of the General Corporation Act of 1919, the predecessor to the present section 94, stated: "There is no dispute that by the common law doctrine of the status of a corporation after its dissolution for any cause, the corporation has no legal existence, and the real estate held by the dissolved corporation reverts to the grantors or donors, and the personal property escheats to the king, and that no right of action can be maintained to enforce a claim against a defunct corporation. In the United States, however, this common law doctrine has been so modified that the property of a dissolved corporation is to be used for the benefit of the creditors and stockholders after dissolution, and generally, by a saving clause, stockholders or creditors may maintain an action for that purpose, and in order to maintain an action it must be filed within the time fixed for such purpose. In the instant case, by the saving clause, complainant was granted statutory right to maintain an action of the character before this court." (*Consolidated Coal Co. of St.*

*Louis v. Flynn Coal Co.* 274 Ill. App. 405, 411.) See also *Galter* v. *Federal Trade Com.* (7th Cir., 1951) 186 F.2d 810, 815, and sec. 94, Ill. Business Corp. Act Annot. 2d ed., Burdette Smith Co. 1947.

Unless the liability imposed on corporate directors by section 42(f) abates upon dissolution of the corporation involved, section 94 has no application. Defendant offers no authority for the necessary premise that dissolution of a corporation abates liability incurred by its directors, and we do not know of any principle that requires that result. The question has not to our knowledge been previously raised. However, a decision of the First Appellate District assumed that statutory liability of a stockholder for unpaid stock subscription survives dissolution of the corporation. In *Dukes* v. *Harrison & Reidy,* 270 Ill. App. 372, a creditor sued a dissolved corporation and its stockholders who had not paid in full their stock subscription to collect an unsatisfied judgment against the corporation. The suit was filed more than two years after dissolution and the court ruled that a motion to quash summons on the corporation should have been allowed. Since the statutory provision imposing liability on stockholders required joinder of the corporation in the action to impose such liability, the action, the court ruled, should have been dismissed as to the stockholders as well.

Logic also suggests that the liability created by section 42(f) does not abate upon dissolution of the corporation involved. It would be anomalous that the occasion giving rise to the liability, dissolution of the corporation, would also cause it to abate.

The case of *People ex rel. Carpentier* v. *Windy City Motor Service, Inc.* 22 Ill.2d 209, relied on by the defendant and where it appears that we assumed that the two-year limitation of section 94 applied to the State of Illinois, is readily distinguishable. There the defendant was the dissolved corporation, whereas here the defendant is a former

director. Section 94 has no application to the directors' liability imposed by section 42(f), and it is conceded that the general statute of limitations has no application to plaintiff. See *Clare* v. *Bell,* 378 Ill. 128, 130; *People* v. *Wascher,* 349 Ill. 114, 121; *People* v. *Hamill,* 259 Ill. 506, 511.

Defendant also contends that the court erroneously included penalties in its judgment. The $1,024.40 judgment is the sum of $581.73 in taxes and $442.67 in penalties and interest. Since a creditor is limited to "loss and damage" by section 42(f), penalties, argues defendant, are not recoverable. The $442.67 represents accrued interest on the delinquent 1953 and 1954 taxes at the rate of one per cent per month as prescribed by section 224 of the Revenue Act of 1939, (Ill. Rev. Stat. 1953, chap. 120, par. 705), the respective amounts due for interest are $242.28 for 1953 and $200.39 for 1954. If the plaintiff was entitled to recover interest, whether denominated penalty or not, from the corporation, and if it lost this right because of the corporation's failure to give it notice of intent to dissolve, we can perceive no reason why this item, along with the taxes themselves, is not recoverable under the provisions of section 42(f).

For the foregoing reasons, the judgment of the county court of Rock Island was correct and it is affirmed.

*Judgment affirmed.*