*In re* MARRIAGE OF BARBARA ARRINGTON, Petitioner-Appellee, and EDWARD ARRINGTON, Respondent (Lela House, Appellant).

First District (1st Division)   No. 85—1788

Opinion filed July 14, 1986.

Becky Dahlgren, of Chicago, for appellant.

Stanley Zimmerman, Ltd., and O'Brien, O'Rourke, Hogan & McNulty, both of Chicago (Stanley Zimmerman and Michael Gilman, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal arising from a declaratory judgment action filed by petitioner, Barbara Arrington, seeking clarification of a provision in the Judgment for Dissolution (insurance provision) which had ordered respondent, Edward Arrington, subsequently deceased, to name his minor children as beneficiaries on his life insurance policies. The trial court found that the insurance provision was clear and unambiguous and held that the phrase "his life insurance" contained therein meant all of respondent's life insurance policies in effect at the time judgment was entered.

Lela House, respondent's mother and named beneficiary on one of respondent's life insurance policies, appeals the trial court's order, con-

tending that the court erred in finding that the insurance provision was clear and unambiguous thereby precluding the introduction of extrinsic evidence. For the following reasons, we conclude that this court lacks jurisdiction to address Lela's appeal and the appeal is dismissed.

The record reveals the following facts pertinent to our decision.

On September 16, 1983, a judgment for dissolution of marriage was entered for Barbara and Edward Arrington. Included in the judgment was the following provision:

> "Respondent [Edward] shall *** name [the minor children] as beneficiaries on his life insurance during their minority and until they are graduated from college, whichever occurs the latter [sic]."

At the time the judgment was entered, respondent had a basic life insurance policy and a supplemental life insurance policy through his employer's group insurance plan. Petitioner was the named primary beneficiary under the basic policy, and Lela was the named beneficiary under the supplemental policy. Respondent died on April 1, 1984, without having changed the beneficiary on either policy to comply with the judgment of dissolution.

Following respondent's death, his second wife presented the judgment of dissolution to his employer who, in turn, submitted the judgment to the insurance company. In May 1984, petitioner and Lela each executed claim-payment orders to the insurance company requesting that the proceeds on both policies be paid to petitioner, as guardian of the minor children. Subsequently, on August 30, 1984, Lela revoked her claim-payment order and claimed the proceeds under the supplemental policy for herself. The insurance company refused to pay the proceeds from the supplemental policy until a court order was entered directing it as to whom the proceeds should be paid.

Consequently, on May 23, 1985, petitioner filed a petition seeking a declaratory judgment that the insurance provision referred to both the basic and supplemental policies and that the insurance company should pay the proceeds of both policies to petitioner, as guardian of the minor children. On the same day, Lela filed a petition to modify the judgment of dissolution, alleging that the insurance provision was ambiguous. Lela requested that the court either modify the judgment and order the proceeds of the supplemental policy to be paid to her or that a hearing be set so that she could introduce extrinsic evidence to establish respondent's intent that she remain as beneficiary on the supplemental policy.

In response, petitioner moved to strike Lela's petition, alleging that Lela lacked standing and that this was not the proper forum for

claims against respondent's estate. Following a hearing, the court entered an order finding that the insurance provision was not ambiguous and that "life insurance" meant all life insurance policies existing on respondent's life at the time the decree was entered. The court also denied Lela's petition to modify and Lela appealed.

After careful review of the record, we find no evidence that Lela was ever made a party to the post-decree declaratory judgment action. The facts suggest that Lela sought to intervene in the cause of action by filing the petition to modify the judgment of dissolution. However, Lela failed to comply with the statutory procedure necessary to invoke the jurisdiction of the trial court as an intervenor.

Section 2—408 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—408) governs third-party intervention. Specifically, section 2—408(e) provides: "A person desiring to intervene shall present a petition setting forth the grounds for intervention, accompanied by the initial pleading or motion which he or she proposes to file." This court has held that it is not necessary that an actual petition be filed. Instead, intervention can be accomplished by oral motion and a subsequent filing of an answer setting up the party's interest. *W. H. Lyman Construction Co. v. Village of Gurnee* (1985), 131 Ill. App. 3d 87, 475 N.E.2d 273.

In the present case, Lela has failed to either file a petition seeking leave of court to intervene or to request leave to intervene by oral motion. Instead, she has simply filed a motion to modify a judgment, of which she was never made a party. In fact, Lela's name does not appear on the briefs, the record of proceedings or any of the pleadings, including her own petition to modify the judgment. Instead, the named parties are Barbara Arrington as petitioner-appellee and Edward Arrington as respondent-appellant. Accordingly, we find that the trial court lacked jurisdiction to address Lela's petition to modify.

It is axiomatic that when a trial court has no jurisdiction, an appeal cannot act to confer jurisdiction on the reviewing court. (*In re Estate of Randell* (1973), 12 Ill. App. 3d 640, 298 N.E.2d 735.) Thus, we conclude that this court lacks jurisdiction to address the merits of the issues on appeal. Our decision does not act to vacate that portion of the trial court's order which resolves petitioner's declaratory judgment action.

For the foregoing reasons, the appeal is dismissed.

Appeal dismissed.

BUCKLEY and O'CONNOR, JJ., concur.