# Illinois Official Reports

## Appellate Court

---

### *Michigan Indiana Condominium Ass'n v. Michigan Place, LLC*,
### 2014 IL App (1st) 123764

---

| | |
|---|---|
| Appellate Court Caption | MICHIGAN INDIANA CONDOMINIUM ASSOCIATION, an Illinois Not-for-Profit Corporation, and THE BOARD OF DIRECTORS OF THE MICHIGAN INDIANA CONDOMINIUM ASSOCIATION, Plaintiffs, v. MICHIGAN PLACE, LLC, an Illinois Limited Liability Company; SHOREBANK DEVELOPMENT CORPORATION CHICAGO, a Delaware Corporation; BANK OF AMERICA COMMUNITY DEVELOPMENT CORPORATION; OPTIMA, INC., an Illinois Corporation; HELEN DUNLAP; TIMOTHY HANSEN; JAMES BELL; and SUSAN McLANN, Defendants (Optima, Inc., an Illinois Corporation, Third-Party Plaintiff-Appellant; Paul Holzman, d/b/a Jenni, Inc.; and Loucon, Inc., Third-Party Defendants-Appellees; and RSR Holding Corporation, f/k/a Republic Windows, Third-Party Defendant). |
| District & No. | First District, Fourth Division<br>Docket No. 1-12-3764 |
| Filed | April 24, 2014 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Third-party plaintiff's action against third-party defendants for breach of contract and breach of implied warranties based on masonry services they provided in connection with the construction of a condominium complex was properly dismissed on the ground that the action was filed more than five years after the corporations under which third-party defendants did business were dissolved, and pursuant to section 12.80 of the Business Corporation Act, an action against a corporation must be commenced within five years of its dissolution. |

| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-M1-157148; the Hon. Thomas R. Mulroy, Jr., Judge, presiding. |
| --- | --- |
| Judgment | Affirmed. |
| Counsel on Appeal | Robert Marc Chemers, Matthew J. Egan, Scott L. Howie, Matthew J. Ligda, and Richard M. Burgland, all of Pretzel & Stouffer, Chtrd., of Chicago, for appellant. |
| | Cathleen M. Hobson and Patrick H. Norris, both of Law Offices of Meachum, Starck, Boyle & Trafman, of Chicago, for appellees. |
| Panel | JUSTICE EPSTEIN delivered the judgment of the court, with opinion. Presiding Justice Howse and Justice Fitzgerald Smith concurred in the judgment and opinion. |

**OPINION**

¶ 1    Third-party plaintiff, Optima, Inc. (Optima), appeals from the dismissal, pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2010)), of its third-party complaint against third-party defendants, Paul Holzman, d/b/a Jenni, Inc. (Jenni), and Loucon, Inc. (Loucon). We affirm the judgment of the circuit court of Cook County.

¶ 2                                      BACKGROUND
¶ 3    The underlying case arose out of the construction of a 119-unit residential condominium complex (the Complex). Optima was the general contractor and selected subcontractors to perform the construction work, including Jenni and Loucon, each of which provided masonry services. Construction was completed in June 2002. On September 2, 2003, Loucon was dissolved. Jenni was dissolved on January 1, 2006.

¶ 4    In the spring of 2010, plaintiffs, Michigan Indiana Condominium Association and the board of directors of the Michigan Indiana Condominium Association, allegedly discovered latent defects in the Complex. On August 29, 2011, plaintiffs filed a complaint for damages against Optima and other defendants. A first amended complaint was filed on or about March 12, 2012. Plaintiffs asserted four counts against Optima and alleged that the Complex was

- 2 -

not constructed in a watertight manner, and without the necessary flashing, weather barriers, caulking, and other weatherproofing components. Plaintiffs sought damages under breach of the implied warranty of habitability and breach of the implied warranty of good workmanship.

¶ 5    On May 2, 2012, Optima filed its third-party complaint against Jenni and Loucon, as well as third-party defendant, RSR Holding Corporation, f/k/a Republic Windows, which is not a party to this appeal. Optima alleged breach of contract and breach of implied warranties against both Jenni and Loucon. Optima sought both indemnification and contribution. Because both corporations had been dissolved, Optima served its notice upon the Secretary of State pursuant to section 5.25 of the Business Corporation Act of 1983 (805 ILCS 5/1.01 *et seq*. (West 2010)) (the Act).

¶ 6    Jenni and Loucon moved jointly to dismiss Optima's third-party complaint pursuant to sections 2-619(a)(5) and (a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5), (a)(9) (West 2010)). Jenni and Loucon argued that, since the action against them was instituted more than five years after their dissolution (six years and three months after Jenni's dissolution; eight years and eight months after Loucon's dissolution), the Secretary of State was not authorized to act as the dissolved corporations' agent under the Act, service was therefore improper, and the court lacked personal jurisdiction.

¶ 7    On November 29, 2012, the circuit court granted Jenni and Loucon's joint motion to dismiss and dismissed them with prejudice. The court also ordered that there was no just reason to delay enforcement or appeal pursuant to Supreme Court Rule 304(a). Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). Optima now appeals.

¶ 8                                  STANDARD OF REVIEW

¶ 9    Our standard of review of the trial court's ruling on a section 2-619 motion to dismiss is *de novo*. *Hamilton v. Conley*, 356 Ill. App. 3d 1048, 1053 (2005). *De novo* review is also appropriate where the outcome of a case turns on the construction of provisions of the Act, a matter that presents a question of law. *Pielet v. Pielet*, 2012 IL 112064, ¶ 30. When construing a statute, our primary objective is to give effect to the legislature's intent, which is best indicated by the plain and ordinary language of the statute itself. *Hartney Fuel Oil Co. v. Hamer*, 2013 IL 115130, ¶ 25. "[I]f that language is clear and unambiguous, we are not at liberty to depart from its plain meaning." *Moore v. Chicago Park District*, 2012 IL 112788, ¶ 9.

¶ 10                                          ANALYSIS

¶ 11    "A corporation can exist only under the express laws of the State by which it was created." *Blankenship v. Demmler Manufacturing Co.*, 89 Ill. App. 3d 569, 573 (1980) (citing *Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Building Corp.*, 302 U.S. 120, 124-25 (1937)). "Accordingly, the right to sue a dissolved corporation is limited to the time established by the legislature." *Id*. The dissolution of a corporation is, in legal effect, the same as the death of a natural person. *Markus v. Chicago Title & Trust Co.*, 373 Ill. 557, 561

(1940), *overruled on other grounds by ABN AMRO Mortgage Group, Inc. v. McGahan*, 237 Ill. 2d 526 (2010). "Under common law, a dissolved corporation could not sue or be sued." *Henderson-Smith & Associates, Inc. v. Nahamani Family Service Center, Inc.*, 323 Ill. App. 3d 15, 19-20 (2001). Even its pending legal proceedings would abate. *Id*. at 20; *Blankenship*, 89 Ill. App. 3d at 572. However, "this common law doctrine has been so modified that the property of a dissolved corporation is to be used for the benefit of the creditors and stockholders after dissolution, and generally, by a saving clause, stockholders or creditors may maintain an action for that purpose, and in order to maintain an action it must be filed within the time fixed for such purpose." *People v. Parker*, 30 Ill. 2d 486, 489 (1964). As the *Chicago Title & Trust* Court acknowledged, a state's power to end the corporate existence of a state-created corporation without limitation connotes the power to end its existence "with such limitations as the Legislature sees fit to annex." *Chicago Title & Trust Co.*, 302 U.S. at 128.

¶ 12 In Illinois, section 12.80 of the Act governs the time period in which a corporation can be sue or be sued. 805 ILCS 5/12.80 (West 2010). Section 12.80 states, in relevant part:

> "Survival of remedy after dissolution. The dissolution of a corporation *** shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution *if action or other proceeding thereon is commenced within five years after the date of such dissolution*. " (Emphasis added.) 805 ILCS 5/12.80 (West 2010).

Section 12.80 is not a statute of limitations but, rather, a corporate "survival" statute. See, *e.g.*, *People v. Parker*, 30 Ill. 2d 486, 489 (1964) (interpreting predecessor statute). Thus, section 12.80 "extend[s] the *life* of a corporation" after its dissolution so that suits which normally would have abated may be brought by and against the corporation. (Emphasis added.) *Blankenship*, 89 Ill. App. 3d at 574 (interpreting predecessor statute that was identical to the current statute except that it required that the action be brought within two years); see also *Forcite Powder Co. v. Herdien*, 162 Ill. App. 425, 427 (1911) ("it is a necessary and wise public policy that continues the life of a corporation for the purpose of prosecuting and defending suits for the purpose of winding up its affairs"). "Even when a statute continues the existence of a corporation for a certain period, however, it is generally held that *the corporation becomes defunct upon the expiration of such period*, and, in the absence of a provision to the contrary, no action can afterwards be brought by or against it and must be dismissed." (Emphasis added.) *Canadian Ace Brewing Co. v. Anheuser-Busch, Inc.*, 448 F. Supp. 769, 771 (N.D. Ill. 1978), *aff'd without op.*, 601 F.2d 593 (7th Cir. 1979).

¶ 13 As this court has explained:

> "In our judgment the language of [the corporate survival statute] is clear and unambiguous. Under that section any right [or] claim existing on behalf of a corporation or any liability incurred by a corporation prior to its dissolution may be enforced if the action is commenced 'within two years after the date of such dissolution.' We have neither the power nor desire to nullify the plain and wholesome

provision of [the statute]." *O'Neill v. Continental Illinois Co.*, 341 Ill. App. 119, 136 (1950) (interpreting the predecessor statute).

More recently, our supreme court has noted that "the five-year extension to a corporation's life granted by section 12.80 establishes a *fixed endpoint* beyond which a corporation ceases to exist." (Emphasis added.) *Pielet v. Pielet*, 2012 IL 112064, ¶ 32 n.3; accord *Blankenship*, 89 Ill. App. 3d at 574 ("the survival statute reflects a legislative intent to establish a definite point in timewhen a corporation ceases to exist"). "After that point, it may no longer sue or be sued." *Pielet*, 2012 IL 112064, ¶ 32 n.3. It has been held under Illinois law that "the right to maintain an action against a defunct corporation is wholly controlled by statute, and that such right must be exercised within the time fixed by the legislature." *Ruthfield v. Louisville Fuel Co.*, 312 Ill. App. 415, 427 (1942); accord *Blankenship*, 89 Ill. App. 3d at 573 ("the right to sue a dissolved corporation is limited to the time established by the legislature").[1]

¶ 14    Optima, however, argues that "the definite point *is not absolute*, and may be extended under certain circumstances." (Emphasis added.) Optima contends that the five-year period should be extended under the facts of this case for equitable reasons. As Optima notes, it could not have instituted its third-party suit against Jenni and Loucon within the statutory five-year period because the original suit against Optima was not instituted until after the period had passed. In support of its argument that the five-year statutory survival period is not absolute, Optima cites several cases. These cases are distinguishable.

¶ 15    In *People v. Parker*, 30 Ill. 2d 486 (1964), our supreme court did not extend, nor create an "exception" to, the statutory corporate survival period. Instead, the *Parker* court determined that a *director's* liability did not abate upon dissolution of the corporation. *Id*. at 490. There, the State of Illinois had filed suit, and obtained a judgment, for unpaid taxes against a former director of a dissolved corporation who had failed to notify known creditors of the intent to dissolve, as required by then-section 42(f) of the Act. *Id*. at 488. The director appealed and the Illinois Supreme Court affirmed. As the court noted, the defendant was a former director, not a dissolved corporation. The *Parker* court held that the corporate survival statute had "no application to the *directors'* liability imposed by section 42(f)." (Emphasis added.) *Id*. at 490-91.

¶ 16    In *Pehr v. Metz, Train & Youngren, Inc.*, 274 Ill. App. 3d 218 (1995), also cited by Optima, the plaintiff filed a personal injury suit against the dissolved corporation within the five-year survival period but later voluntarily dismissed the suit. The plaintiff then refiled the suit pursuant to section 13-217 of the Code of Civil Procedure (735 ILCS 5/13-217 (West 1992)), which provided that a voluntarily dismissed action could be refiled within the greater

---

[1]In *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 338 (2002), the Illinois Supreme Court discussed the principle that where a statute creates a substantive right unknown to the common law and the statute contains a limitations period, time is made an inherent element of the right and is a condition of the liability itself. The *Belleville* court stated that this proposition is now confined to the area of administrative review. *Id*. Nonetheless, as we have noted, the court more recently reaffirmed that the time limitation in the corporate survival statute creates a "fixed endpoint" after which a dissolved corporation cannot sue or be sued. *Pielet*, 2012 IL 112064, ¶ 32 n.3.

of one year or the expiration of the limitations period if the original suit was filed within the original limitations period. *Pehr*, 274 Ill. App. 3d at 220. The *Pehr* court allowed the refiled suit even though it had been filed after the expiration of the five-year survival period. *Id*. at 220-21. We note that it appears that courts in other jurisdictions have not allowed this exception to their own corporate survival statutes. See, *e.g.*, *Deere & Co. v. JPS Development, Inc.*, 592 S.E.2d 175, 177 (Ga. Ct. App. 2003) (dissolved corporation that brought action against seller of tractors for breach of warranty and negligent misrepresentation within statutory period but then voluntarily dismissed suit, could not later file a renewal action after period expired because corporation "was no longer in existence"); *Wittman v. National Supermarkets, Inc.*, 31 S.W.3d 517 (Mo. Ct. App. 2000) (where plaintiff voluntarily dismissed her original timely suit against dissolved corporation, but refiled suit after expiration of 90-day period established by corporate survival statute, refiled suit was untimely, notwithstanding state's savings statute that allowed a plaintiff, who voluntarily dismisses a cause of action without prejudice, to refile the action within one year after the dismissal).

¶ 17    Optima also cites *Moore v. Nick's Finer Foods, Inc.*, 121 Ill. App. 3d 923 (1984), in which a minor, through her parents, filed suit against a corporation for injuries sustained on its premises. The trial court dismissed the action with prejudice pursuant to the corporate survival statute. On appeal, plaintiff argued that the exception for minors in the Limitations Act (formerly Ill. Rev. Stat. 1981, ch. 110, ¶ 13-112) overrode the corporate survival statute. *Moore*, 121 Ill. App. 3d at 925. The appellate court agreed, noting that Illinois courts had long recognized that a minor should not be precluded from enforcing his rights unless clearly debarred from so doing by some statute or constitutional provision. *Id*. at 925-26 (citing *Wilbon v. D.F. Bast Co.*, 73 Ill. 2d 58, 73 (1978), and *Walgreen Co. v. Industrial Comm'n*, 323 Ill. 194 (1926)). The *Moore* court also explained that this policy had "been adhered to consistently in decisions with reference to the limitations provisions contained in other statutes and their applicability to minors and incompetents." *Id*. at 926. As the court further explained: "We believe that where, as here, there is no language in the statute involved, or in any constitutional provision, which distinctly restricts the right of a minor or incompetent to file an action against a corporation more than two years after dissolution relating to liability incurred prior to dissolution, that such an action may be brought within two years of the minor's reaching majority." *Id*. at 926-27. The court held that "under the circumstances here, the statutory exception as to minors overrides the corporation dissolution statute and preserves the court's jurisdiction over the cause." *Id*. at 925. In sum, the *Moore* court decided that the policy of protecting the rights of minors prevailed over the policy established by the corporate survival statute. See *Vance v. North American Asbestos Corp.*, 203 Ill. App. 3d 565, 570 (1990) (discussing *Moore*). In addition to the *Moore* court's concerns for the rights of minors, this court also noted another distinctive factor of *Moore* was the existence of liability insurance to cover the minor's claim and thereby avoid a suit's "disrupting" corporation dissolution proceedings which the corporate survival statute "was intended to prevent." *Id*.

¶ 18    Clearly, the *Moore* court's decision was informed by its concerns for the rights of minors. We believe *Moore* is limited to its facts and inapplicable to the situation in the present case.

We further note, however, that the *Moore* court's decision that the time period in the corporate survival statute was no bar to the plaintiff's lawsuit was also premised upon its conclusion that "the two-year limitation on corporate survival is not absolute, and may be extended under certain circumstances." *Moore*, 121 Ill. App. 3d at 925. In support of this statement, the *Moore* court cited a California case, *North American Asbestos Corp. v. Superior Court*, 179 Cal. Rptr. 889 (Cal. Ct. App. 1982), which in turn relied upon two Illinois cases: *Parker*, which we have already discussed, and *Edwards v. Chicago & Northwestern Ry. Co.*, 79 Ill. App. 2d 48 (1967). Like *Moore*, the *Edwards* case is also distinguishable from the instant case.

¶ 19       In *Edwards*, the plaintiffs sued a parent corporation and a subsidiary corporation, the latter of which had been dissolved more than two years prior to the suit. *Id*. at 50-51. After the trial court dismissed the plaintiffs' complaints, plaintiffs appealed. *Id*. at 51. Noting that the plaintiffs had alleged that the parent corporation had induced them to delay filing their claims against the subsidiary during the two-year period within which suits could be maintained against the dissolved corporation, the appellate court remanded and allowed suit to proceed against the parent corporation. *Id*. at 55. In so doing, the court relied on the well established rule in Illinois that "it is sufficient in order to treat one corporation as the alter ego of another where there is such a unity of interest and ownership that the individuality of one corporation has ceased, and where the observance of the fiction of separate existence would under the circumstances sanction a fraud by promoting injustice." (Internal quotation marks omitted.) *Id*. at 52. In reversing the dismissal of the complaint against the parent corporation, the court explained that "if the plaintiffs can produce evidence that there was a unity of interest and ownership between the [parent corporation] and the [subsidiary] and that the recognition of the [subsidiary's] separate identity would 'present an obstacle to the due protection or enforcement of public or private rights' or would 'promote injustice,' then liability could properly be predicated against the [parent corporation]." *Id*. at 52-53. We do not read *Edwards* to stand for the broad proposition stated by the *North American Asbestos* court that "the two-year limitation on corporate survival is not absolute." *North American Asbestos Corp.*, 179 Cal. Rptr. at 891. In fact, the *Edwards* court also held that the trial court "properly dismissed" the complaints against the dissolved subsidiary corporation and its directors because the complaint was not filed within the two-year period following the subsidiary's dissolution. *Edwards*, 79 Ill. App. 2d at 51

¶ 20       Relying on the decisions in *Moore* and *Edwards*, this court stated that "Illinois courts have recognized that equitable considerations sometimes counsel against rote application of the [corporate] Survival Statute." *Hamilton v. Conley*, 356 Ill. App. 3d 1048, 1059 (2005). The *Hamilton* court decided that the case there presented such a situation. *Id*. In *Hamilton*, the trial court had dismissed a shareholder action against a dissolved corporation for misappropriation of the corporate assets. *Id*. The *Hamilton* court held that, in light of the plaintiff's allegations that the corporation waited until shortly before the end of the five-year period to engage in the misconduct, equitable considerations warranted an extension. *Id*. As the court explained:

"If we were to conclude that the Survival Statute bars plaintiff's claims, then officers and directors could, by waiting to do their misdeeds near the end of the winding-up period, avoid liability altogether. That is to say, shareholders could succeed to ownership of the corporation's cause of action on the same day it became time-barred under the Survival Statute. We decline to find that the [corporate] Survival Statute requires such a result. " *Id*.

¶ 21 We believe that *Hamilton* is distinguishable. As Loucon and Jenni note, *Hamilton* involved a derivative action asserting an interest *of* the corporation. More importantly, the case involved misconduct, which is not alleged here. See *Pielet v. Pielet*, 2012 IL 112064, ¶ 47 (explaining that the *Hamilton* court had applied "equitable considerations and the principle that statutes should be construed to avoid results that are absurd, inconvenient or unjust, the court concluded that the fraud alleged by plaintiff justified permitting him to press his claim notwithstanding the fact that it would otherwise be time-barred"). We also note that the Illinois Supreme Court has stated that even a statute of repose, which normally extinguishes an action, nonetheless may be tolled in the case of fraudulent concealment. See *DeLuna v. Burciaga*, 223 Ill. 2d 49, 73 (2006) ("it is inconceivable that the legislature would have intended to limit physicians' reliance upon the medical malpractice statute of repose, when physicians have fraudulently concealed a cause of action from their patients, but to allow attorneys to benefit from the legal malpractice statute of repose, where they have done the same to their clients" (emphasis omitted)). However, other cases have held that equitable tolling does not apply to a corporate survival statute and that even fraud is insufficient to extend the grace period beyond the statutory time limit. See, *e.g.*, *Vance v. North American Asbestos Corp.*, 203 Ill. App. 3d 565 (1990) (fraud in the dissolution of the corporation); *Blankenship v. Demmler Manufacturing Co.*, 89 Ill. App. 3d 569 (1980) (corporation's president/director's breach of duty); *Poliquin v. Sapp*, 72 Ill. App. 3d 477 (1979) (allegations by former shareholders of former director's fraud or mismanagement); *Canadian Ace Brewing Co. v. Anheuser-Busch, Inc.*, 448 F. Supp. 769, 771-72 (N.D. Ill. 1978) (refusing to apply fraudulent concealment to toll the time period), *aff'd without op.*, 601 F.2d 593 (7th Cir. 1979); *Canadian Ace Brewing Co. v. Joseph Schlitz Brewing Co.*, 629 F.2d 1183, 1189 (7th Cir. 1980) (same).

¶ 22 The plain language of section 12.80 prohibits Optima's claims against Jenni and Loucon because the claims were filed more than five years after the corporations were dissolved. At the time the third-party complaint was filed both corporations had ceased to exist. Since Optima did not file its third-party action within the five-year statutory time period, there is no longer an entity that can sue or be sued. It follows that section 5.25 of the Act did not authorize the Secretary of State to serve as Jenni's or Loucon's agent for service of process. The trial court correctly dismissed Optima's third-party complaint with prejudice pursuant to section 2-619.

¶ 23 We recognize that dismissal of Optima's third-party action means that Optima's right to sue Jenni and Loucon expired before Optima discovered that it had a cause of action against them. However, this harsh result does not allow us to disregard the plain language of the statute. Moreover, as this court has explained:

"When [the predecessor statute] was enacted, the two-year grace period must have been deemed by the legislature to be the appropriate time span to allow suit against the dissolved corporation thus balancing the need to protect injured parties against the need to give finality to a corporate dissolution. In our present industrial economy, a long period of time may elapse between conduct by industrial corporations which injures people and the discovery of those injuries by the injured parties.

When the Business Corporation Act of 1983 (1983 Act) [citation] was enacted, [the predecessor statute] was replaced by section 12.80 of the 1983 Act [citation], which contained the same wording, except that the *grace period* was extended from two years to five years. We are unaware of any official explanation for that change, but, logically, the General Assembly must have made the change as its response to the problem arising *because of the increasing time span between injuries and the discovery of those injuries by injured persons*. We deem this to be the new balance given by the legislature to the conflicting interests we have described. Otherwise, *we detect no legislative intent to upset the previous decisions giving a strict interpretation to the stated grace period for suits against dissolved corporations*." (Emphases added.) *Vance v. North American Asbestos Corp.*, 203 Ill. App. 3d 565, 570-71 (1990).[2]

Therefore, we conclude that the plain and unambiguous language of section 12.80 prohibits a court from extending the "grace period" for suits against dissolved corporations beyond the definite period of five years contained in the statute. "Our primary objective in construing a statute is to ascertain and give effect to the intent of the legislature, bearing in mind that the best evidence of such intent is the statutory language, given its plain and ordinary meaning." *People v. Johnson*, 2013 IL 114639, ¶ 9 (citing *Nowak v. City of Country Club Hills*, 2011 IL 111838, ¶ 11). "Where the statutory language is clear and unambiguous, we will apply the statute as written." *Id.* (citing *Davis v. Toshiba Machine Co., America*, 186 Ill. 2d 181, 184-85 (1999)).

¶ 24    Although our holding means that Optima's third-party action was barred before it learned of its cause of action against Jenni and Loucon, that is the effect of the statute's definitive five-year limit. Our supreme court has acknowledged that such harsh results may occur in other statutory schemes, such as with a four-year repose period for medical malpractice actions and a six-year repose period for legal malpractice actions. See, *e.g.*, *Orlak v. Loyola University Health System*, 228 Ill. 2d 1, 7-8 (2007) ("The statute of repose sometimes bars actions even before the plaintiff has discovered the injury."); *Cunningham v. Huffman*, 154

_____

[2]See also Official Comments of the Advisory Committee to the Secretary of State on the Illinois Business Corporation Act of 1983, Section 12.80 ("Under § 94 of the 1933 Act, remedies after dissolution survived for only two years. Under the 1983 Act remedies after dissolution survive for five years. The Advisory Committee believed that, as often occurs in product liability cases, injuries are often not known for a significant period of time, and trends towards both longer statutory remedy survival periods and judicial avoidance of short survival periods exist. The Advisory Committee balanced assured finality and a reasonable discovery period, determining that, in the present state of our legal structure, five years was appropriate."). http://ilibl.files.wordpress.com/2013/03/official-comments-1983-ilbca.pdf.

Ill. 2d 398, 406 (1993) (same); *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 424 (1986) ("That the repose provision may, in a particular instance, bar an action before it is discovered is an accidental rather than necessary consequence."); *Snyder v. Heidelberger*, 2011 IL 111052, ¶ 10 ("The purpose of a statute of repose *** operates to curtail the 'long tail' of liability that may result from the discovery rule [of the statute of limitations.] *** Thus, a statute of repose is not tied to the existence of any injury, but rather it extinguishes liability after a fixed period of time."). As the Illinois Supreme Court has explained:

> "Where the words employed in a legislative enactment are free from ambiguity or doubt, they must be given effect by the courts even though the consequences may be harsh, unjust, absurd or unwise. [Citations.] *Such consequences can be avoided only by a change of the law, not by judicial construction.* [Citation.]" (Emphasis added and internal quotation marks omitted.) *Perlstein v. Wolk*, 218 Ill. 2d 448, 458 (2006).

See also *McIntosh v. A&M Insulation Co.*, 244 Ill. App. 3d 247, 252 (1993) (recognizing that since asbestosis was a disease of long latency, asbestos related injuries would frequently be barred by statute of repose, but explaining that the plaintiff 's unfairness argument would be more appropriately raised to the legislature).

¶ 25 We note that the Seventh Circuit, in interpreting section 12.80, has described the five-year "outer limit" for filing suit against a dissolved corporation as a statute of repose. See, *e.g.*, *Sharif v. International Development Group Co.*, 399 F.3d 857, 860 (7th Cir. 2005). Although section 12.80 is not technically a statute of repose, the same principles apply to the fixed endpoint after which time a suit cannot be filed against the dissolved corporation. In actuality, we believe the survival statute's endpoint is stronger in that the corporation ceases to exist altogether after the grace period of five years.

¶ 26 Optima additionally argues, however, that section 13-214(b) of the Code of Civil Procedure (735 ILCS 5/13-214(b) (West 2010)), referred to as the construction statute of repose, controls over sections 5.25 and 12.80 of the Business Corporation Act of 1983. Section 13-214(b) provides:

> "(b) No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission. However, *any person who discovers such act or omission prior to expiration of 10 years from the time of such act or omission shall in no event have less than 4 years to bring an action* as provided in subsection (a) of this Section." (Emphasis added.) *Id.*

The construction statute of repose "insulat[es] all participants in the construction process from the onerous task of defending against stale claims." *MBA Enterprises, Inc. v. Northern Illinois Gas Co.*, 307 Ill. App. 3d 285, 288 (1999). As this court has explained:

> "Statutes of repose stem from a basic equity concept that a time should arrive, at some point, that a party is no longer responsible for a past act. [Citations.] The construction statute of repose thus represents a legislative balancing act between the rights of persons harmed by allegedly faulty construction and the rights of those

- 10 -

responsible for such construction; after the statutory period has passed, the right to be free of stale claims *** comes to prevail over the right to prosecute them. [Citations.] When interpreting a statute of repose, courts must construe it liberally to fulfill the objectives it was designed for, yet they must not enlarge it beyond the legitimate intent of the legislature. [Citation.]" (Internal quotation marks omitted.) *Ryan v. Commonwealth Edison Co.*, 381 Ill. App. 3d 877, 882-83 (2008).

Compliance with an applicable statute of limitations is merely an additional requirement that must be met when bringing suit against a dissolved corporation within the time period contained in section 12.80. We fail to see how the repose period, or any limitations period, trumps or nullifies the statutory five-year period after which a corporation ceases to exist.

¶ 27 The right of a corporation to exist beyond its date of dissolution is purely statutory and we are mindful that the result here is harsh with respect to Optima. Nevertheless, even assuming that this court has the authority to apply equitable tolling to the survival period, we believe that authority would be limited to circumstances involving fraud or misconduct. In the case at bar, there has been no allegation or claim whatsoever that either of the dissolved corporations engaged in any type of fraudulent activity or concealment. Unless and until the legislature amends the corporate survival statute to permit an exception to protect the rights of parties seeking indemnification or contribution which had no knowledge of a claim before the expiration of the five-year term, we believe courts have no power to undo the harsh results of an action such as this.

¶ 28 Jenni and Loucon have argued on appeal that Optima's third-party complaint failed as a matter of law for an additional reason: Optima's claims for indemnification and contribution had not accrued prior to either Jenni's or Loucon's dissolution. In support of this argument, they note that our supreme court has held that "section 12.80 of the Business Corporation Act of 1983 may only be invoked in aid of a cause of action against a dissolved corporation where the cause of action accrued prior to the corporation's dissolution." *Pielet*, 2012 IL 112064, ¶ 49. In view of our determination that Optima's third-party complaint was properly dismissed because it was not filed within the five-year grace period created by the corporate survival statute, we need not address Optima's contention that its causes of action accrued prior to dissolution, *i.e.*, when the alleged faulty construction occurred. Moreover, although the issue in *Pielet* was whether the breach of contract there had occurred prior to, or after, the corporation's dissolution, the *Pielet* court made an observation regarding the statutory "fixed endpoint" for suing a dissolved corporation. *Id*. ¶ 32 n.3. The court noted that "[h]ad [the plaintiff] waited more than five years after [the corporation]'s dissolution to file suit against it, any claim she had against it *would clearly have been untimely* whether the cause of action had accrued before or after the corporation's dissolution." (Emphasis added.) *Id*.

¶ 29 Jenni and Loucon have also argued that it is not the construction statute of repose that applies to Optima's third-party complaint but, rather, the statute of limitations for indemnity and contribution provided in section 13-204 of the Code of Civil Procedure. 735 ILCS 5/13-204 (West 2010). Since Optima's cause of action cannot stand as a matter of law under section 12.80, it does not matter which statute of limitations applies.

¶ 30    For the reasons stated, we affirm the order of the circuit court of Cook County dismissing Optima's third-party complaint against Jenni and Loucon pursuant to section 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-619 (West 2010).

¶ 31    Affirmed.