2020 IL App (1st) 181574-U
No. 1-18-1574
June 8, 2020

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| FIBER CORPORATION OF AMERICA CELLMARK, INC., as assignee of Fiber Corporation of America, | ) ) ) | Appeal from the Circuit Court Of Cook County. |
| | ) | No. 01 L 8264 |
| Plaintiff-Appellee, | ) | |
| | ) | The Honorable |
| v. | ) | Margaret Ann Brennan, |
| | ) | Judge Presiding. |
| INTEGRATED MATERIAL MANAGEMENT SERVICES, INC., | ) ) | |
| | ) | |
| Defendant-Appellant. | ) | |

JUSTICE WALKER delivered the judgment of the court.
Presiding Justice Griffin and Justice Pierce in the judgment.

# ORDER

¶ 1   *Held*:  No appellate jurisdiction exists where the trial court lacked jurisdiction to rule on IMMS's motion to dismiss the revival motion that was filed more than 30 days after the entry of the order reviving the judgment.

¶ 2    The circuit court granted Cellmark, Inc.'s (Cellmark) motion to revive a 2002 judgment against Integrated Material Management Services, Inc. (IMMS). More than 30 days later, IMMS filed a motion to vacate the order reviving the judgment, arguing that the court lacked personal jurisdiction over IMMS. The circuit court denied the motion and IMMS filed a notice of appeal. We find that the circuit court lost jurisdiction over the case when neither party filed a timely post-judgment motion. We vacate the order denying IMMS's motion to vacate the revival order, and we dismiss the appeal.

¶ 3                                I. BACKGROUND

¶ 4    Fiber Corporation of America (Fiber Corporation) obtained a judgment against IMMS for more than $700,000 in July 2002. Fiber Corporation promptly filed citations to discover IMMS's assets, but the circuit court stayed all collection proceedings, placing the case on the bankruptcy calendar. IMMS was involuntarily dissolved in December 2002. In 2007, Fiber Corporation transferred its interest in the judgment against IMMS to Cellmark. In April 2018, Cellmark filed a motion to reaffirm the 2002 judgment against long-defunct IMMS. Cellmark served process on Peter Matsukis, who had held all shares of IMMS stock in 2002. IMMS did not respond to the motion to reaffirm judgment. On April 25, 2018, the circuit court entered an order reviving the judgment.

¶ 5    On May 15, 2018, Matsukis filed a "Motion to Reconsider." In the caption, he named himself as "Respondent," and he identified IMMS as the defendant. No prior pleading in the record identified Matsukis as a respondent in Fiber Corporation's lawsuit against IMMS. Nor does the record on appeal include a petition to intervene in the case. The circuit court denied Matsukis's motion to reconsider on June 11, 2018.

¶ 6    On June 25, 2018, the circuit court granted IMMS leave to file a motion to vacate the order reviving the judgment. That same day, IMMS filed an "Emergency Motion to Strike Petitioner's Motion to Revive Judgment," asking the court to vacate the revival order because the court did not have personal jurisdiction over IMMS. On July 16, 2018, the circuit court denied IMMS's motion to vacate, finding that it had personal jurisdiction over IMMS. IMMS filed a notice of appeal on July 24, 2018.

¶ 7                                    II. ANALYSIS

On appeal, IMMS argues that the circuit court did not have personal jurisdiction over IMMS because Cellmark could not serve process on long defunct IMMS. Cellmark answers that IMMS did not file a timely notice of appeal, and therefore, this court lacks jurisdiction to address IMMS's argument.

¶ 8    The circuit court entered an order reviving the judgment on April 25, 2018. Matsukis, not named as a party, filed a "Motion to Reconsider." He did not file a petition to intervene nor did he comply with statutory procedures for intervention. See 735 ILCS 5/2-408 (West 2018). *In re Marriage of Arrington*, 146 Ill. App. 3d 121 (1986), provides useful guidance. In *Arrington*, Barbara Arrington filed for a divorce from Edward Arrington, and after the court entered the judgment dissolving their marriage, Edward's mother, Lela House, "fil[ed a] petition to modify the judgment of dissolution. However, Lela failed to comply with the statutory procedure necessary to invoke the jurisdiction of the trial court as an intervenor." *Arrington*, 146 Ill. App. 3d at 123. The appellate court held:

"Lela has failed to either file a petition seeking leave of court to intervene or to request leave to intervene by oral motion. Instead, she has simply filed a motion to modify a judgment, of which she was never made a party. *** Accordingly, we

3

find that the trial court lacked jurisdiction to address Lela's petition to modify."

*Arrington*, 146 Ill. App. 3d at 123.

¶ 9        Following *Arrington*, we find that the circuit court lacked jurisdiction to rule on Matsukis's "Motion to Reconsider."

¶ 10        Two months after the circuit court entered the order reviving the judgment, IMMS filed the motion asking the court to vacate the revival order for lack of personal jurisdiction. The order for revival of the judgment is a final, appealable order. 735 ILCS 5/2-1602(f) (West 2018). See also *In re Marriage of Peck*, 2019 IL App (2d) 180598, ¶ 15. "[T]he circuit court loses jurisdiction thirty days after entry of a final judgment." *Havlen v. Waggoner*, 92 Ill. App. 3d 916, 917 (1981). The circuit court lost jurisdiction over the case when, no party to the case, filed a post-judgment motion within 30 days after entry of the final order reviving the judgment.

¶ 11        IMMS asserts that the circuit court had jurisdiction to decide its motion to vacate because IMMS claimed that the circuit court entered a void judgment without personal jurisdiction over IMMS. IMMS relies on the general principle that "a void order may be attacked at any time or in any court, either directly or collaterally." *People v. Flowers*, 208 Ill. 2d 291, 308 (2003). The general principle does not permit a court to decide an issue when it has no jurisdiction. "Although a void order may be attacked at any time, the issue of voidness must be raised in the context of a proceeding that is properly pending in the courts. If a court lacks jurisdiction, it cannot confer any relief, even from prior judgments that are void. The reason is obvious. Absent jurisdiction, an order directed at the void judgment would itself be void and of no effect." *Id*.

4

¶ 12    In *Mitchell v. Fiat-Allis, Inc.*, 158 Ill. 2d 143 (1994), our supreme court noted that section 2-1401 may not be employed to extend the 30-day time limit for filing an appeal. *Mitchell*, 158 Ill. 2d at 149-50. "[R]elief under section 2-1401 is inappropriate where the party seeking relief is simply requesting that the same order be reentered in order to restart the time to file a notice of appeal." *Keener v. City of Herrin*, 235 Ill. 2d 338, 344-45 (2009), citing *Mitchell*, 158 Ill. 2d at 149.

¶ 13    In *Mitchell*, our supreme court found that neither the trial court nor the appellate court had "'authority to excuse compliance with the filing requirements of the supreme court rules governing appeals." *Id* at 150.

¶ 14    The circuit court lost jurisdiction over the order for revival of the judgment before IMMS filed its motion to vacate the revival order. The circuit court, without jurisdiction, then entered a void order denying the motion to vacate. Our supreme court's decision in *Flowers* resolves the appeal here:

> "A void order does not cloak the appellate court with jurisdiction to consider the merits of an appeal. [Citation.] Because the circuit court had no jurisdiction to consider [the post-judgment] motion, the appellate court, in turn, had no authority to consider the merits of [the] appeal from the circuit court's judgment denying [the] motion. The only matter properly before the appellate court was the circuit court's lack of jurisdiction over [the] untimely [post-judgment] motion. Because the circuit court had no jurisdiction to entertain that motion, the appellate court should simply have vacated the circuit court's judgment and dismissed [the] appeal." *Id.* at 307.

Following *Flowers*, we vacate the order denying IMMS's motion to vacate, and we dismiss the appeal. The court's final order reviving the judgment stands as the last valid order the trial

court entered in this case, and no party filed a timely post-judgment motion or notice of appeal, As a result, this court has no jurisdiction to consider this untimely appeal.

¶ 15     IMMS presents a compelling argument on whether the right to revive a judgment against a dissolved corporation can extend beyond the statutory five-year winding up period. *Michigan Indiana Condominium Assn. v. Michigan Place, LLC*, 2014 IL App (1st) 123764. However, IMMS failed to follow the procedural steps to give this court the jurisdiction to consider that argument.

¶ 16     When no notice of appeal is timely filed, the party wishing to appeal is "not entirely without recourse. [the party] still ha[s] another 30 days to move this court for leave to file a late notice of appeal" under Illinois Supreme Court Rule 303(d). *Peraino v. City of Winnebago*, 2018 IL App (2d) 170368, ¶ 25. IMMS did not file a motion for leave to file late notice of appeal. IMMS still may request supervisory or other relief from the supreme court. *Id*.

¶ 17                                    III. CONCLUSION

¶ 18     The circuit court lacked jurisdiction to consider IMMS's motion to vacate the judgment because IMMS did not file the motion within 30 of the final order reviving the 2002 judgment. No party filed a timely notice of appeal from the final order entered on April 25, 2018. Therefore, this court lacks jurisdiction to consider the untimely appeal. We vacate the void order entered on July 16, 2018, and we dismiss the appeal.

¶ 19     Order vacated; appeal dismissed.